1  LATHAM & WATKINS LLP
   Kevin C. Wheeler (SBN 261177)
2   *kevin.wheeler@lw.com*
   555 11th Street NW, Suite 1000
3  Washington DC 20004-1327
   T: 202.637.2200
4
   Thomas W. Yeh (SBN 287118)
5   *thomas.yeh@lw.com*
   355 S. Grand Avenue, Suite 100
6  Los Angeles, CA 90071-3104
   T: 213.485.1234
7
   Wesley D. Tiu (SBN 336580)
8   *wesley.tiu@lw.com*
   505 Montgomery Street, Suite 2000
9  San Francisco, CA 94111
   T: 415.395.8000
10
   *Attorneys for Plaintiffs*
11 *Yangtze Memory Technologies*
   *Company, Ltd. and Yangtze Memory Technologies,*
12 *Inc.*

13                    **UNITED STATES DISTRICT COURT**

14                  **NORTHERN DISTRICT OF CALIFORNIA**

15

16
   Yangtze Memory Technologies Company,       CASE NO. 5:24-cv-3454
17 Ltd. and Yangtze Memory Technologies, Inc.,
                                               **COMPLAINT**
18                Plaintiffs,
                                               DEMAND FOR JURY TRIAL
19        v.

20 Strand Consult and Roslyn Layton,

21                Defendants.

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

Plaintiffs Yangtze Memory Technologies Company, Ltd. and Yangtze Memory Technologies, Inc. (collectively, "YMTC" or "Plaintiff"), by and through their counsel, brings this lawsuit against Defendants Strand Consult and Dr. Roslyn Layton ("Defendants"). YMTC's Complaint is based on the following allegations, which YMTC makes on personal information as to its own acts and on information and belief as to all others based on its reasonable investigation.

## NATURE OF THE ACTION

1.      YMTC is one of the world's most innovative developers and manufacturers of 3D NAND flash memories. Although a relative newcomer, YMTC has developed and patented technologies that enable the production of better flash memories, having more capacity and a lower per-bit cost. YMTC's innovations have not gone unnoticed. In 2018, for example, YMTC received the award for the Most Innovative Flash Memory Start-up Company from the Flash Memory Summit in Santa Clara, CA, which "recognizes the most creative and ambitious startup companies and applauds their entrepreneurial journey to becoming a market disruptor and champion of the storage industry." Since then, YMTC has continued to innovate. In 2022, YMTC received the award for Most Innovative Memory Technology for YMTC's Xtacking® 3.0 3D NAND Architecture from the Flash Memory Summit in Santa Clara, CA.

2.      No longer an upstart, YMTC has become a key player in the global 3D NAND market. In November 2023, TechInsights Inc., which analyzes and tracks the flash memory market, concluded that "[w]hat YMTC has accomplished has been nothing short of amazing"— YMTC "is now the leader in 3D NAND flash," having "leap-frogged Micron," another major player in the 3D NAND space.[1] Micron is threatened by YMTC's ascension.

3.      Rather than compete fairly in the marketplace, Micron set out to undermine YMTC's achievements by spreading lies about YMTC and its products. As reported by Bloomberg in an article titled "Dell, Micron Backed a Group Raising Alarms on Rivals' China Ties," Micron funded a website called "China Tech Threat" or "CTT" run by Defendant Strand Consult—also aptly known as Dialog Management—and its Executive Vice President, Defendant

---

[1] https://www.techinsights.com/disruptive-event/ymtc-232l-tlc-3d-nand.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

1  Roslyn Layton.[2]  While China Tech Threat purports to be focused on policy, according to

2  Bloomberg, China Tech Threat is actually engaged in "astroturfing," the practice of cleverly

3  disguising the corporate messaging of companies (like Micron), as grassroots advocacy.[3]  Indeed,

4  Strand Consult's corporate records show that its business is public relations, market research, and

5  management consulting—not public policy.  And its annual reports state that its "purpose is to

6  operate trade and industry, including consultancy."  As Bloomberg reports, Strand Consult has

7  also targeted another Chinese company, Lenovo at the behest of Dell, spreading the fantastical

8  claim that Lenovo's co-sponsorship of a video game tournament at a U.S. Navy base is "evidence"

9  that it had "infiltrated" military facilities.[4]

10      4.      As early as September 2020, China Tech Threat began broadcasting and

11  disseminating outlandish and demonstrably false statements about YMTC and its products as part

12  of its "astroturfing" campaign.  China Tech Threat even manufactured and then broadcast a claim

13  that "YMTC is associated with criminal activity, including a Social Security spoofing scam,

14  identity theft and cyber extortion."  There is no basis whatsoever to support that fiction; China

15  Tech Threat made it up.  Indeed, Defendants' China Tech Threat's website includes a page titled

16  "China's Army to Infiltrate iPhones with YMTC Chips" dedicated to spreading falsehoods

17  ultimately inuring to Micron's commercial benefit.  On June 8, 2022, China Tech Threat published

18  a report on its website titled *Silicon Sellout: How Apple's Partnership with Chinese Military Chip*

19  *Maker YMTC Threatens National Security* ("CTT Report"), co-authored by Strand Consult's

20  Executive Vice President, Roslyn Layton.  The CTT Report repeatedly implores "Apple [to]

21  voluntarily end its partnership with YMTC" and "source its chips from existing suppliers like

22  Micron[.]"[5]  It warns that "the Apple-YMTC deal will likely hasten the exit of an existing memory

23  chip maker from a democratic country" and "could put at least one major non-Chinese

24  semiconductor producer out of business"—highlighting that "[t]he only American company"

---

[2] *See* Ex. 1 (https://www.bloomberg.com/news/articles/2024-01-25/dell-micron-backed-a-group-criticizing-chinese-rivals).

[3] *See* Ex. 1.

[4] *See* Ex. 1.

[5] Ex. 2 (CTT Report) at 2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

1   leading the memory market is "the Idaho-based Micron, which makes both DRAM and NAND

2   chips."[6]

3         5.    The CTT Report falsely claims that "YMTC chips equipped with spyware and

4   installed on Apple devices could funnel collected data back to Beijing" and "exfiltrate data"

5   thereby "[c]ompromising iPhone users' security and privacy."[7]   That is pure fiction.   YMTC's

6   memory devices store "bits," zeros and ones.   Memory devices—YMTC's or otherwise—cannot

7   execute code to "funnel" or "exfiltrate" data to Beijing or elsewhere.   Memories lack the most

8   basic components necessary for remote control and wireless communications—e.g., antennas,

9   modems, RF processors and more.   Defendants know their outlandish statements about YMTC's

10   memories are lies; they've worked in the wireless communications industry for decades.

11         6.    The CTT Report also falsely brands YMTC as a "Chinese Military Chip Maker" to

12   further propagate the myth that YMTC's memory products pose security and privacy risks to U.S.

13   consumers.[8]   But YMTC is not owned or controlled by the Chinese military.   YMTC has never

14   supplied its technology or products for any military use.   And YMTC has never been directed by

15   any entity to supply its technology or products for military use.   Defendants knew (or, at a

16   minimum, recklessly disregarded) the falsity of its baseless statements.   One "source" to which the

17   CTT Report cites to support its claims of YMTC's alleged "ties" to the Chinese military is an

18   article written by Roslyn Layton—the Executive Vice President of Strand Consult *who is herself*

19   *an author of the "Silicon Sellout" article*—thereby creating an echo chamber of misinformation

20   and completing its circle of lies.[9]

21         7.    The falsehoods spread by Defendants, through China Tech Threat, have caused

22   irreversible harm to YMTC's reputation and business relationships.   They have also hurt U.S.

23   consumers.   3D NAND flash memory is vital technology for many of the digital products that

24   consumers have come to depend upon and enjoy, such as smartphones, laptops, and tablet

25

26   [6] Ex. 2 at 3-4, 6.

27   [7] Ex. 2 at 2, 4-9.

28   [8] Ex. 2 at 8-9.
   [9] Ex. 2 at 3, 17.

3

computers, as well as for the data centers and enterprise storage solutions in which 3D NAND is used.  Competition and innovation in the NAND memory space benefit consumers, as competition and innovation lead to better products at better prices.  Attempts to stifle competition and hinder innovation do neither.

8.    YMTC respectfully asks this Court to put a stop to Defendants' illegal campaign of spreading misinformation about YMTC and YMTC's products through China Tech Threat and elsewhere and compensate YMTC for the harm caused by Defendants' lies.

## THE PARTIES

9.    Plaintiff Yangtze Memory Technologies Company, Ltd. is headquartered in China and maintains a principal place of business in Wuhan, China.

10.    Plaintiff Yangtze Memory Technologies, Inc. is a wholly owned subsidiary of Plaintiff Yangtze Memory Technologies Company, Ltd.  Yangtze Memory Technologies, Inc. is a California corporation with its principal place of business in this judicial district, at 2953 Bunker Hill Lane, Ste. 206, Santa Clara, California.

11.    Upon information and belief, Defendant Strand Consult is headquartered in Denmark, and maintains a principal place of business in Copenhagen, Denmark.  Strand Consult is also known as Dialog Management.  Strand Consult launched the China Tech Threat webpage.

12.    Upon information and belief, Defendant Roslyn Layton resides in and owns a home located at 957 8th Street S., Naples, Florida.  Defendant Roslyn Layton has listed that address in Naples, Florida on letters sent on behalf of China Tech Threat.  Defendant Roslyn Layton is currently actively registered to vote in Florida.  She is a co-founder of the China Tech Threat website and Executive Vice President of Strand Consult.

## JURISDICTION AND VENUE

13.    This Court has personal jurisdiction over Defendants.  Defendants launched and maintained the China Tech Threat website at http://chinatechthreat.com/, which is accessible in this judicial district and the United States.  Its content is explicitly directed to audiences in this juridical district and the United States.  For example, the CTT Report repeatedly calls on "Apple

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

[to] voluntarily end its partnership with YMTC."[10]  The CTT Report also falsely warns consumers (including those in this judicial district) that YMTC memories "[c]ompromise iPhone users' security and privacy" and "presents the possibility that malicious technology and practices from the Chinese military could be introduced to Apple end-users and others."[11]

14.      Defendants' China Tech Threat website includes a webpage with the heading "China's Army to Infiltrate iPhones with YMTC Chips" that is devoted to spreading defamatory and libelous statements about YMTC and YMTC's products.  That webpage is accessible in this judicial district and the United States.  The China Tech Threat website also provides a link for users in California and the United States to download the article "Silicon Sellout," which contains the defamatory and libelous statements about YMTC that are the subject of this action.  Further, Strand Consult's China Tech Threat webpage collects information about visitors, via "cookies," including those in the United States and California.  The China Tech Threat website stores that information in facilities in the United States.

15.      Employees of Strand Consult routinely engage in business travel to and within the United States.

16.      In 2022, Plaintiffs were engaged in discussions with numerous potential customers headquartered and/or located in the Northern District of California.  Plaintiffs' sales personnel responsible for those client relationships—which have been suspended and otherwise damaged following Defendants' defamatory and libelous statements—were located in Plaintiffs' Santa Clara offices in this judicial district.  For years, Plaintiffs' sale, field engineering, and quality teams, including its director of sales, routinely travelled to this judicial district to meet and work with potential customers and technical partners located and headquartered in the Northern District of California.  Following Defendants' defamatory statements made in the summer of 2022, relationships between Plaintiffs and customers, potential customers, and technical partners headquartered and/or located in this judicial district ended between October and November 2022.

---

[10] Ex. 2 at 2, 12.

[11] Ex. 2 at 2-3; *see also id.* at 8-9.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

17.     Defendants are subject to personal jurisdiction in California at least because (1) Defendants published false, misleading, and defamatory statements that were expressly aimed at California and California persons; (2) Defendants directed their intentionally injurious acts towards a company and its wholly owned California subsidiary, and to cause harm to that California subsidiary; and (3) the brunt of the harm suffered by Plaintiffs and caused by Defendants' conduct occurred in California, for example, through the loss of customers, potential customers, and technical partners located and/or headquartered in the Northern District of California.

18.     This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is an action between citizens of different States and in which citizens of foreign states are additional parties, and the amount in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.

19.     Yangtze Memory Technologies, Inc. is a citizen of California and Roslyn Layton is a citizen of Florida and Yangtze Memory Technologies Company Ltd. and Strand Consult, as citizens of foreign states, are additional parties.

20.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to YMTC's claim occurred in this judicial district, Yangtze Memory Technologies, Inc's principal place of business is within this district, Defendants have targeted their wrongful acts at YMTC, and because this Court has personal jurisdiction over Defendants as discussed above.

## DIVISIONAL ASSIGNMENT

21.     Pursuant to Civil Local Rule 3-2, this action is to be assigned to the San Jose division because a substantial part of the events or omissions giving rise to the claim occurred in the county of Santa Clara, California.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

# **FACTUAL ALLEGATIONS**

***YMTC Is Widely Recognized As One Of The Most Innovative And Exciting 3D NAND Memory Companies In The Industry***

22.     YMTC is an integrated device manufacturer (IDM) dedicated to the development of memory products for the global market.  YMTC employs more than 7,400 employees—including 5,600 engineers and 1,700 employees engaged in research and development.  Over 300 YMTC employees hold PhDs.

23.     With a focus on the design of superior 3D NAND flash memory, YMTC's innovations have gained significant recognition in a short amount of time.  YMTC has succeeded in designing and manufacturing 3D NAND flash memories with bit densities, input/output speeds, and capacities that are highly praised in the industry.  YMTC maintains ties to Silicon Valley through a wholly owned subsidiary, Yangtze Memory Technologies, Inc., incorporated and located in this judicial district.[12]

24.     The Flash Memory Summit has recognized YMTC's 3D NAND Chips as the "Best of Show" for "Most Innovative Flash Memory Start-up Company."[13]  The Flash Memory Summit hosts up to 6,000 individuals and companies, including on average 100 global sponsors, and is the largest collection of flash memory experts.[14]  In 2018, the Flash Memory Summit held in Santa Clara, California, recognized YMTC as among "the most creative and ambitious startup companies and  applaud[ed] their entrepreneurial journey to becoming a market disruptor and champion of the storage industry."  In 2022, the Flash Memory Summit recognized YMTC's Xtacking® 3.0 3D NAND Architecture as the "Most Innovative Memory Technology."  YMTC innovations have resulted in "the world's most advanced 3D NAND memory chip in a consumer device," having "the highest bit density seen in a commercially available NAND product."[15]

---

[12] https://www.ymtc.com/en/contact.html.

[13] *See* https://apnews.com/press-release/globe-newswire/technology-business472edca95b4b227a486f5f8c4750cbb3.

[14] The Flash Memory Summit is "the world's largest event featuring the trends, innovations, and influencers driving the adoption of flash memory in demanding enterprise storage applications, as well as in smartphones, tablets, and mobile and embedded systems."

[15] https://www.techinsights.com/blog/china-does-it-again-nand-memory-market-first.

COMPLAINT & DEMAND FOR JURY TRIAL CASE NO. 5:24-cv-3454

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25.     As a result of YMTC's innovative and cutting-edge design of 3D NAND flash memory chip, in 2022, YMTC has been selected to supply 3D NAND flash memories to companies located and headquartered in this judicial district.  In addition, YMTC was actively engaged in discussions with numerous potential customers and technical partners located in the Northern District of California in the years leading up to 2022.

***Micron Is Threatened By YMTC And Enlists Defendants To Spread Lies About YMTC And Its Products***

26.     Micron is a global manufacturer and supplier of memory components and devices for use in consumer and enterprise products, systems, and services, including 3D NAND.  While Micron started developing 3D NAND before YMTC was founded in 2016, by 2022, industry publications recognized that YMTC "is now the leader in 3D NAND flash," having "leap-frogged Micron."[16]  Industry insiders predicted that "YMTC would be the uncontested Flash technology leader before 2030," concluding that "[w]hat YMTC has accomplished has been nothing short of amazing."[17]

27.     Not content to compete fairly in the marketplace and threatened by the loss of business to YMTC, Micron decided to take a different approach.  As reported by Bloomberg, Micron funded China Tech Threat—run by Defendants—to engage in advocacy "aligned with [its] corporate interests."[18]  While China Tech Threat "presents as a standalone organization," according to Bloomberg, it engages in "'astroturfing,' the technique of disguising corporate messaging as grassroots advocacy."[19]  Beginning in 2022 and continuing to this day, Defendants have engaged in "astroturfing" to broadcast and spread false yet devastating lies about YMTC and its products through China Tech Threat, which ultimately benefit Micron's commercial position.

---

[16] https://www.techinsights.com/disruptive-event/ymtc-232l-tlc-3d-nand.

[17] https://www.techinsights.com/disruptive-event/ymtc-232l-tlc-3d-nand.

[18] *See* Ex. 1.

[19] *See* Ex. 1.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

***Defendants, Through China Tech Threat, Spread Lies About YMTC And Its Products,
Inuring To Micron's Benefit***

28.     On June 8, 2022, Defendants published a report titled *Silicon Sellout: How Apple's Partnership with Chinese Military Chip Maker YMTC Threatens National Security* (the "CTT Report") authored by Defendant Roslyn Layton, on the China Tech Threat website.  Prior to when she started the China Tech Threat website, Defendant Roslyn Layton had not written about China or the semiconductor industry.  The portion of the website on which the CTT Report appeared (and continues to appear) is titled "China's Army to Infiltrate iPhones with YMTC Chips," complete with a graphic falsely suggesting that the presence of a YMTC memory chip in a mobile device is akin to Chinese military personnel residing within the device, as shown below.



29.     Defendants have since widely disseminated this defamatory and libelous CTT Report, including on Twitter.  For example, the CTT Report makes the fabricated assertion that "YMTC chips equipped with spyware and installed on Apple devices could funnel collected data back to Beijing."[20]  In a section titled "Risk #1: National Security – The Battlefield Control Switch," the report claims that YMTC memories could be "intentionally compromised with rogue features."[21]  It states that the memories could include "built-in and concealed vulnerabilities" that could be "exploited months or years later to disrupt performance or exfiltrate data from a system containing the compromised chip."[22]  Remarkably, the only "support" cited by the report for this misinformation is "Ghost Fleet: A Novel of the Next World War"—a work of ***fiction***.[23]  Despite

---

[20] Ex. 2 at 9.

[21] Ex. 2 at 8.

[22] Ex. 2 at 8.

[23] Ex. 2 at 8.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

1    their falsity, readers would understand Defendants' statements as meaning that YMTC's memories

2    can be controlled from China, spy on American consumers, and transmit user information back to

3    China.[24]  But as Defendants themselves know and acknowledge, YMTC designs and manufactures

4    ***memories***.  Memories are simply arrays that store bits of either "0s" or "1s".  Memories—YMTC's

5    or otherwise—cannot execute code and lack the basic components necessary to  wirelessly transmit

6    information or be controlled remotely, i.e., antennas, modems, RF processors.

7           30.    ***Defendants undeniably know this***.   Strand Consult holds itself out as a

8    "consultancy with a strong focus on the Telecom industry," with "25 years of experience" and

9    "regarded as one of the leading authorities on technologies[.]"  Its Executive Vice President and

10   author of the CTT Report, Defendant Roslyn Layton is a self-proclaimed expert on "telecom

11   network innovation" and "network security."  Defendants themselves distinguish between chips

12   that form the "brain" of an electronic device and memories, which merely store bits, further

13   underscoring their knowledge of the falsity of their statements about YMTC's memories[25]  Given

14   Defendants' expertise in telecommunications, China Tech Threat's lies about YMTC's memories

15   were made without support and with knowledge of their falsity or, at a minimum, reckless

16   disregard for the truth.

17          31.    Readers of the Defendants' misinformation, including customers and potential

18   customers of YMTC would readily understand them to be disparaging statements about YMTC

19   and its products—including as creating national security risks, supporting Chinese surveillance of

20   the American public, and taking business away from American companies.[26]

21          32.    That is not all.  The front page of the report refers to YMTC as "Chinese Military

22   Chip Maker YMTC"—a verifiably false characterization repeated on every single page of the

23   report.[27]  YMTC is not owned or controlled by the Chinese military.  YMTC has never supplied

24   its technology or products for any military use.  And YMTC has never been directed by any entity

25

26   [24] Ex. 2 at 9.

27   [25] Ex. 2 at 5.

     [26] Ex. 2 at 2.

28   [27] Ex. 2.

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

10

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

to supply its technology or products for military use.  YMTC's memories have never been qualified by any military, Chinese or otherwise.  Defendants know all this.  As YMTC's public website has repeatedly affirmed, "YMTC provides products and services *for commercial and civil customers' usage only*"[28] and "YMTC provides products and services *exclusively for commercial and civil usage only*."[29]  There is no factual basis to claim otherwise.  Yet by spreading these falsehoods, Defendants attempt to paint YMTC as a threat to U.S. security interests and use of its products as creating a security risk.  And that is how readers would understand those lies.  In fact, the CTT Report includes an entire section that purportedly "details technological risks to users' security and privacy" resulting from the use of YMTC's memories.[30]

33.     Defendants were aware that their statements lack support in fact.  To give off the appearance that its assertions have factual support, the CTT Report cites an article purportedly published by Forbes.  But buried in the end notes of the CTT Report is a citation showing that the Forbes article was in fact *authored by Defendant Roslyn Layton—an author of the CTT Report and then-principal of China Tech Threat.*  Defendants thus deliberately created an echo chamber for its defamatory and libelous statements, reinforcing their lack of merit.

34.     In addition to promoting lies about YMTC, the CTT Report is replete with statements inuring to Micron's benefit.  For example, the report highlights that "Idaho-based Micron" is "[t]he only American company" leading memory manufacturing, and repeatedly calls on "Apple [to] … source memory chips" from other companies, starting with Micron.[31]  On information and belief, Defendants made the defamatory and libelous statements about YMTC to advance Micron's improper corporate agenda to stifle competition and undermine YMTC's credibility among U.S. consumers.  Indeed, Micron—more than any other American company—stands to benefit immensely from YMTC losing sales and customers.

---

[28] https://www.ymtc.com/en/entenotice/56.html.

[29] https://www.ymtc.com/cn/entenotice/40.html.

[30] Ex. 2 at 3.

[31] Ex. 2 at 2, 6, 12.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

***YMTC Has Suffered Significant Harm From Defendants' Lies***

35.     Defendants' "astroturfing campaign" had its intended effects.  Defendants' goal was to interfere with YMTC's business relationships in the United States (and specifically, in California) and to persuade U.S. companies to refrain from entering into transactions with YMTC for its products.[32]  The reputation and goodwill of YMTC and its U.S. subsidiary in this judicial district, as well as the memories that they sell, have been damaged.  So too have YMTC's relationships with customers, prospective customers, and technical partners located and/or headquartered in this judicial district.  In fact, YMTC lost opportunities with numerous prospective customers and technical partners in the fall of 2022, including those in this judicial district, shortly after Defendants published the defamatory and libelous CTT Report.

36.     YMTC has further incurred expenses in hiring a team of public relations consultants to respond to and correct Defendants' campaign of misinformation, including to develop a proactive communication strategy in view of the false statements made by Defendants through China Tech Threat and the CTT Report.

37.     Defendants have acted with malice, malicious intent, and with intent to cause the foregoing harm to YMTC, including, on information and belief, to further the interests of its corporate backers, including Micron for the reasons discussed above.

### FIRST CAUSE OF ACTION

**Trade Libel (Against All Defendants)**

38.     YMTC repeats and realleges paragraphs 1 through 37 above as if fully set forth herein.

39.     Defendants made false, disparaging, and defamatory statements about YMTC's products, as alleged herein, and published these statements in writing to unprivileged third parties. These statements were clearly and necessarily understood to have disparaged the quality of YMTC's 3D NAND memories.

40.     The statements about YMTC's 3D NAND memories had a natural and probable defamatory effect on the reader or listener without the necessity of explanatory matter.

[32] Ex. 2 at 2, 12.

41.     Defendants knew it was foreseeable that the defamatory statements about YMTC's 3D NAND memories would be repeated by others.  Defendants, as the originators, are liable for each repetition of the defamatory matter by others.

42.     Defendants' defamatory statements about YMTC's 3D NAND memories caused substantial harm to YMTC, including, without limitation, monetary loss from harm to YMTC's and its products' reputation and goodwill, interference with and damage to YMTC's relationships with its customers and potential customers, fees paid to consultants, increased cost to YMTC, attorneys' fees and costs, and lost executive time.  YMTC has suffered special damages and direct financial harm, at least in the form of loss of business, lost profits, and lost investments.  YMTC has also paid fees to consultants, including in connection with developing a proactive communication strategy in view of the false statements made by Defendants through China Tech Threat.  YMTC's financial harm was a direct result of third parties acting in reliance on Defendants' statements, and Defendants' conduct was a substantial factor in causing YMTC harm.

43.     YMTC is entitled to injunctive relief restraining Defendants from committing further trade libel.

44.     Defendants made these negative defamatory statements about YMTC's 3D NAND memories with the intent and import that the statements were assertions of fact and not merely opinion.  Defendants intended and knew that others might act in reliance on its statements, causing YMTC financial loss.

45.     Defendants made these negative defamatory statements about YMTC's 3D NAND memories with knowledge of their falsity and/or with reckless disregard for the truth or falsity thereof.

46.     Defendants knew such statements disparaged the quality of YMTC's 3D NAND memories and intended that these statements cause YMTC pecuniary loss.

47.     Defendants made the defamatory statements about YMTC's 3D NAND memories with malice, malicious intent, and with intent to cause the foregoing harm to YMTC.  Accordingly, YMTC is entitled to, and should be awarded, punitive damages.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

1

**SECOND CAUSE OF ACTION**

2

**Violation of Cal. Bus. & Prof. Code § 17200 *et seq.* (Against All Defendants)**

3      48.     YMTC repeats and realleges paragraphs 1 through 47 above as if fully set forth

4 herein.

5      49.     Defendants' defamatory statements about YMTC's 3D NAND memories caused

6 substantial harm to YMTC, including, without limitation, monetary loss from harm to YMTC's

7 reputation and goodwill, interference with and damage to YMTC's relationships with its customers

8 and potential customers, fees paid to consultants, increased cost to YMTC, and lost executive time.

9 The statements also undermine legitimate competition and inure to Micron's benefit, as the CTT

10 Report repeatedly calls for "Apple [to] … source memory chips" from Micron.[33]  YMTC has

11 suffered special damages and direct financial harm, at least in the form of loss of business, lost

12 profits, and lost investments.  YMTC has also paid fees to consultants, including in connection

13 with developing a proactive communication strategy in view of the false statements made by

14 Defendants through China Tech Threat.  YMTC's financial harm was a direct result of third parties

15 acting in reliance on Defendants' statements, and Defendants' conduct was a substantial factor in

16 causing YMTC harm.

17      50.     California's Unfair Competition Law ("UCL") prohibits any person from engaging

18 in unfair competition in the form of "any unlawful, unfair, or fraudulent business act or practice[.].

19 Cal. Bus & Prof. Code § 17200.  Defendants are "persons" within the meaning of California

20 Business and Professions Code § 17201.

21      51.     The UCL allows "a person who has suffered injury in fact and has lost money or

22 property" to prosecute a civil action for violation of the UCL.  Cal. Bus. & Prof. Code § 17204.

23      52.     Defendants' business acts and practices, as alleged herein, including its public

24 misrepresentations, are unlawful within the meaning of California's UCL" because, among other

25 reasons, the conduct constitutes trade libel and defamation.  As such, Defendants' acts constitute

26 an unlawful business practice within the meaning of California Business and Professions Code §

27 17200.

28

---

[33] Ex. 2 at 12.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

14

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

1    53.    Defendants' business acts and practices, as alleged herein, were targeted at a
2  California company, targeted at California audiences within the State of California, and intended
3  to cause harm within the state of California.

4    54.    YMTC has suffered and will continue to suffer harm as the direct and proximate
5  result of Defendants' unfair acts and practices.

6    55.    Unless enjoined by this Court, Defendants' ongoing and improper conduct will
7  continue, and YMTC will be further harmed.  Absent injunctive relief, YMTC has no means by
8  which to control the publication and distribution of Defendants' false and misleading statements
9  or assertions.  YMTC is thus entitled to injunctive relief prohibiting Defendants from continuing
10  such acts of unfair competition.  Accordingly, pursuant to California Business and Professions
11  Code § 17203, YMTC seeks an order of this Court enjoining Defendants from continuing to engage
12  in unlawful business practices and any other act prohibited by law, including those set forth in the
13  Complaint.

14                    **<u>PRAYER FOR RELIEF</u>**

15    WHEREFORE, YMTC respectfully requests that the Court render the following relief:

16    1.    Grant judgment in favor of YMTC and against Defendants;

17    2.    Grant all appropriate injunctive relief;

18    3.    Award YMTC an appropriate amount in monetary damages as determined at trial,
19  including general, compensatory punitive, special, and exemplary damages, against Defendants,
20  and including pre- and post-judgment interest;

21    4.    Grant YMTC such other relief as is just and appropriate.

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454

1

## DEMAND FOR JURY TRIAL

2        YMTC hereby demands a trial by jury.

3   Dated:  June 7, 2024                    LATHAM & WATKINS LLP

4

5                                           By /s/ Kevin C. Wheeler
                                            LATHAM & WATKINS LLP
6                                           Kevin C. Wheeler (SBN 261177)
                                             kevin.wheeler@lw.com
7                                           555 11th Street NW, Suite 1000
                                            Washington DC 20004-1327
8                                           T: 202.637.2200

9                                           Thomas W. Yeh (SBN 287118)
                                             thomas.yeh@lw.com
10                                          355 S. Grand Avenue, Suite 100
                                            Los Angeles, CA 90071-3104
11                                          T: 213.485.1234

12                                          Wesley D. Tiu (SBN 336580)
                                             wesley.tiu@lw.com
13                                          505 Montgomery Street, Suite 2000
                                            San Francisco, CA 94111
14                                          T: 415.395.8000

15                                          *Attorneys for Plaintiffs*
                                            *Yangtze Memory Technologies*
16                                          *Company, Ltd. and Yangtze Memory*
                                            *Technologies, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

COMPLAINT & DEMAND
FOR JURY TRIAL
CASE NO. 5:24-cv-3454