```
 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3    Before The Honorable Beth Labson Freeman, District Judge

 4

 5  YANGTZE MEMORY TECHNOLOGIES,  )
    INC., et al.,                 )
 6                                )
            Plaintiffs,           )
 7                                )
    vs.                           )  No. C 24-03454-BLF
 8                                )
    STRAND CONSULT, et al.,       )
 9                                )
            Defendants.           )
10  _____)

11
                                  San Jose, California
12                                Thursday, October 31, 2024

13
     TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
14             RECORDING 11:44 - 12:03 = 19 MINUTES

15
    APPEARANCES:
16
    For Plaintiffs:
17                                Quinn Emanuel Urquhart &
                                    Sullivan, LLP
18                                865 South Figueroa Street
                                  10th Floor
19                                Los Angeles, California 90017
                             BY:  ROBERT M. SCHWARTZ, ESQ.
20
    For Defendants:
21                                King & Spalding
                                  50 California Street
22                                Suite 3300
                                  San Francisco, California
23                                  94111
                             BY:  ETHAN P. DAVIS, ESQ.
24

25
```

```
 1  Transcribed by:              Echo Reporting, Inc.
                                 Contracted Court Reporter/
 2                               Transcriber
                                 echoreporting@yahoo.com
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

3

1  Thursday, October 31, 2024                              11:44 a.m.
2                    P-R-O-C-E-E-D-I-N-G-S
3                            --oOo--
4          THE CLERK: Calling Case 24-3454, Yangtze Memory
5  Technologies, Inc. et al. versus Strand Consult, et al.
6      Counsel, please state your appearances.
7          MR. SCHWARTZ (via Zoom): Good morning, your
8  Honor. This is Robert Schwartz on behalf of the Plaintiffs.
9          THE COURT: Good morning.
10         MR. DAVIS (via Zoom): Good morning, your Honor.
11 This is Ethan (Zoom glitch).
12         THE COURT: Did I freeze or did you?
13         MR. DAVIS: -- on behalf of the Defendants.
14         MR. SCHWARTZ: I think he froze.
15         THE COURT: Oh, okay.
16         MR. DAVIS: Sorry. Good morning, your Honor.
17 This is Ethan Davis on behalf of the Defendants.
18         THE COURT: Okay. Let's see if we can keep that
19 connection. That's -- so. All right. This is the time for
20 Initial Case Management Conference.
21     Mr. Davis, did I see on the docket just this morning
22 that you filed a motion to stay discovery?
23         MR. DAVIS: Yes, your Honor. I think we filed
24 that last night.
25         THE COURT: Yeah. Okay. Well, you had raised the

4

1  issue in the Case Management Statement, and it didn't mean
2  anything to me since you hadn't filed a motion, but then you
3  did that I saw this morning.
4       So, your -- your timing is particularly difficult and
5  more difficult than in the last case where I was talking
6  because I don't even have a motion to dismiss on file yet in
7  your case, right?
8            MR. DAVIS:  That's right, your Honor.  I mean, we
9  could get that on file relatively quickly if -- if that
10 would make a difference, in the next week or two.
11           THE COURT:  So, I don't know that -- how much of a
12 difference it's going to make, and then I have to wait for
13 the opposition so that I can fairly determine -- I mean,
14 this is -- this case raises personal jurisdiction and
15 Article III standing.  So, it is the kind of case where I'm
16 particularly attuned to a stay of discovery because the case
17 may not belong here.  And, so, I want to see the strength of
18 your arguments on the lack of personal jurisdiction.  I got
19 a flavor of it in your Case Management Statement, but
20 because those are the issues I'll be confronting, you got my
21 attention on it as opposed to other cases where it's just a
22 -- a good faith belief that the -- that -- from the Defense
23 that the pleadings have no merits, which every defense
24 lawyer worth his or her salt believes.
25      So -- so, I -- I am willing to take a look at that

1  seriously, and I absolutely tried to do it as quickly as
2  possible because waiving means that it's useless to you.
3  But I get a lot of these.  So, I just -- I don't make any
4  firm promises.
5      So, you file your motion to dismiss when you want, and
6  then once it's -- I usually don't wait for a reply, but I at
7  least need an opposition.  So, Mr. Schwartz, you won't be
8  rushed at all, and to the extent that you two want to talk
9  about a -- an agreement to hold back on discovery, you
10 should do that.  I mean, it may be that because of the
11 motion to stay, that the briefing for the motion to dismiss
12 gets pushed in a way that you would actually prefer not to
13 have to deal with because on an issue of personal
14 jurisdiction, you're gathering some evidence.  You might
15 just want to come to some agreement, and -- but I'm not
16 forcing it.  I mean, that's my wishful thinking maybe, but
17 it seems to me that you've been down this road a lot, and
18 you probably have a good sense of what courts do on these
19 issues.  So, I'll leave that in your hands.  Otherwise, I'll
20 just wait to see these -- I mean, the stay motion isn't even
21 briefed yet.  So, I'm not doing anything, Mr. Schwartz,
22 until it's fully briefed, and I'm not doing anything until a
23 yet to be filed motion to dismiss is filed and an opposition
24 is filed.  So, that puts this off for me quite a bit.  I'm
25 not rushing, but I just wanted you to have that sense from

1  me.
2           MR. SCHWARTZ:  Appreciate that, your Honor.
3           THE COURT:  Okay.
4           MR. DAVIS:  And, if I might, your Honor, I -- I
5  agree with that.  I'm hoping that we can have a constructive
6  dialog with Mr. Schwartz about this.  I mean, the -- the
7  article, in addition to personal jurisdiction, the --
8           THE COURT:  Yeah.
9           MR. DAVIS:  -- diversity jurisdiction issue is a
10 really fundamental one here.  One of the Defendants --
11          THE COURT:  Right.
12          MR. DAVIS:  -- is not domiciled in Florida, and
13 that's not going to be a close question here, and that's
14 going to affect the number of parties.  It's going to affect
15 who's on each side of the V, which is going to have a big
16 effect on how this case is ultimately litigated.  So, I'm
17 hoping to work with Mr. Schwartz on that question too.
18          THE COURT:  Okay.
19          MR. SCHWARTZ:  Your Honor, may I -- may I make an
20 observation about that?
21          THE COURT:  Yeah.
22          MR. SCHWARTZ:  I think that that -- the federal
23 jurisdiction or the subject matter jurisdiction is going to
24 be mooted when we file -- which is our plan -- an amended
25 pleading --

```
 1          THE COURT:  Oh.
 2          MR. SCHWARTZ:  -- for the claim for violation
 3 under the Lanham Act which confers federal question subject
 4 matter jurisdiction on the Court.
 5     On the -- on the Article III standing question, I think
 6 that Defendant has conflated causation with standing.  It's
 7 not a -- it's not a genuine standing of argument in our
 8 view.  It's not before your Court, your Honor, this morning.
 9 I recognize that, but I -- I don't think we all need to --
10 to overreact to just hearing a -- an Article III standing
11 question with respect to the case management.
12          THE COURT:  So, Mr. Schwartz, if you're already
13 planning to file an amended complaint, you need to talk to
14 Mr. Davis so he doesn't brief a motion to dismiss only to
15 find that you are going to amend.  That's such a waste of
16 resources.  So -- so, maybe you two can come up with an
17 agreed schedule that you will extend the time for -- for the
18 filing of the -- of a response to the operative pleading so
19 that you have time to file an amended pleading.  I -- this
20 isn't hard, but it's a --
21          MR. SCHWARTZ:  No.
22          THE COURT:  So, I just think let's bring some
23 order to this so that we don't muck up all the systems and
24 have your teams of lawyers devoting useless time and I guess
25 most importantly, your client spending money.
```

1          MR. SCHWARTZ:  Agree 100 percent, your Honor.
2          THE COURT:  Okay.
3          MR. SCHWARTZ:  We had mentioned -- the parties
4 have had a constructive dialog --
5          THE COURT:  Good.
6          MR. SCHWARTZ:  -- in the meet and confer process
7 and the --
8          THE COURT:  Okay.
9          MR. SCHWARTZ:  -- Rule 26 meeting.  So, they knew
10 we were -- we told -- told them about the possibility of an
11 amendment.  They told us about these motions they want to
12 bring, and we thought we'd bring it all together in front of
13 your Honor this morning.
14          THE COURT:  The other thing, quite often in
15 personal jurisdiction issues, if the Defendant loses his
16 immediate request for jurisdictional discovery -- and you
17 all might take a look at whether you can avoid the two-part
18 motion to dismiss on lack of personal jurisdiction by
19 identifying some discovery you want to do up front.  Again,
20 I -- you know, I don't -- I don't think we need to play
21 games here with it.  But, again, it's not an order.  It's
22 just that we all see so much of this, and we know -- we know
23 -- we know how the story ends.  So, let's see if we can give
24 it a better ending.
25          MR. SCHWARTZ:  Appreciate that.

```
 1          THE COURT:  Yeah.  The other thing I wanted to
 2 really be clear on, there was an indication that there may
 3 be a motion to dismiss an anti-SLAPP motion, which is fine.
 4 That's one motion.  I want to be really clear it's not two
 5 separate motions.
 6     The -- the two subjects combined get 25 pages of
 7 briefing, and you -- you represent Strand and Layton,
 8 correct?
 9          MR. DAVIS:  Correct.
10          THE COURT:  They share pages.  I mean, I don't
11 think you'll be filing separate briefs, but it's one motion
12 on all those topics to dismiss and -- for both Defendants.
13 That's --
14          MR. DAVIS:  Understood, your Honor.
15          THE COURT:  All right.  And, I mean, the anti-
16 SLAPP gets to be a little tricky on -- whenever it's file.
17 They're -- they're always complicated, but you've got a lot
18 -- lot going on there.
19     Okay.  So, with that, that looks to me like I'm not
20 even going to see a substantive motion to dismiss for six
21 months, maybe more, because I -- you haven't filed it yet.
22 If you file a motion to dismiss in 30 days, you might be on
23 a four to five-month schedule before you can get a -- a
24 hearing date.  That's why I say six months.  So, a lot --
25 there's a lot going on.
```

```
 1      I -- I always like to discuss ADR at the Initial Case
 2 Management Conference, but I recognize it's really
 3 premature.  So, I'm really just looking at what you're --
 4 what you're thinking without a timeline on ADR but how a
 5 case like this could effectively be mediated.
 6           MR. SCHWARTZ:  It's -- it's a little difficult to
 7 envision how that could happen when the Defendants do not
 8 believe they belong in a -- in a legal proceeding in front
 9 of your Honor.
10           THE COURT:  Right.
11           MR. SCHWARTZ:  And, you know, our -- our client's
12 injury takes -- takes the form of a monetary problem and
13 also a -- an ongoing -- these statements about our clients
14 that we're suing over are still available -- publically
15 available.  And, so --
16           THE COURT:  Um-hmm.
17           MR. SCHWARTZ:  -- I doubt very much that the
18 Defendants -- I don't -- I can't speak for the Defendants,
19 but it -- I don't see setting a date before your Honor has
20 settled --
21           THE COURT:  Yeah.
22           MR. SCHWARTZ:  -- the jurisdictional questions as
23 being fruitful.
24           THE COURT:  I think that's reasonable.
25           MR. DAVIS:  And we agree with that, your Honor.
```

1          THE COURT:  Yeah.  Okay.  So, I'm always torn by
2  what to do in a case like this.  I like to give trial dates
3  at the Initial Case Management Conference because,
4  otherwise, it just delays trial by so much.  I fill in the
5  dates as we go along.
6       You had asked for trial in April of '26, and I can
7  accommodate the end of June of 2026.  That's a really short
8  timeline, and I'm not going to even -- you're not even going
9  to get a -- an order on jurisdiction until April, May of
10 next year.
11      So, that June date of 2026 isn't looking very
12 reasonable.
13         MR. SCHWARTZ:  I understand what you're saying,
14 your Honor.  I do think -- and -- and, so, let's not set
15 that as our date, mindful of --
16         THE COURT:  Yeah.
17         MR. SCHWARTZ:  -- the Court's admonition that you
18 do not change these dates.
19         THE COURT:  No.
20         MR. SCHWARTZ:  So, but, rather than lose our place
21 in line so to speak --
22         THE COURT:  Yeah.
23         MR. SCHWARTZ:  -- in the next six months, is there
24 a date you could set us for sometime in early 2027 perhaps?
25         THE COURT:  That's looking wide open.

```
 1          MR. SCHWARTZ:  At least we know we have it.
 2          THE COURT:  So, and I think that may be wise.
 3     MR. Davis, what's your thinking?
 4          MR. DAVIS:  Yeah, I -- I agree that the earlier
 5 date doesn't seem workable, particularly in light of the --
 6 the amended complaint that's going to be filed and the
 7 timing.  So, I think that that 2027 timing is -- is a good
 8 one.
 9          THE COURT:  It will -- I mean, if we go -- if we
10 start from the time even that I hear the motion to dismiss,
11 it may still be under two years, but I don't think the facts
12 are so broad in this case.  I mean, it seems like a pretty
13 narrow issue actually.
14     Why don't I -- I'm not going to do -- I'm not going to
15 look at my calendar while you're here right now.  Why don't
16 I issue an order with dates.  I'm going to set a trial
17 probably in February, March of 2027 so we can have the final
18 pretrial after the first of the year.  We either do it way
19 before Christmas or comfortably after New Years, just for --
20 to make life livable for all of us.  But I think that -- I
21 think that's going to make sense.  And then we'll -- we'll
22 do that summary judgment probably in the summer or early
23 fall of '26, and I think that will make sense.
24     Okay.  I will -- I will -- I will give you a schedule
25 on that.
```

1      So, let me explain a few things about the schedule
2 you're going to get.  I'll set the trial and the final
3 pretrial dates.  And when you see the summary judgment date,
4 that is the hearing date, not the filing date.  That will be
5 the last day that I will hear any dispositive motion.  I
6 only allow one summary judgment motion per side in the life
7 of the case.  And, so, if you were to file early summary
8 judgment and just get a date that's available, that's fine.
9 Then you're done.  One and done.  It's not one early and
10 then the last, and then you don't get to come with a motion
11 for judgment on the pleadings or any of that stuff on the
12 last date.  We're done.  I -- I want to make sure that you
13 look at my standing orders.  They're very detailed.  Like
14 all of us, I know it's the bane of your existence, but I do
15 require compliance, and I don't know how much expert
16 testimony will be a part of this case, but I have very
17 specific rules about <u>Dauberts</u>.  So, I want you to take a
18 look at that and make sure that you comply with it.  It's so
19 far in the future I'm just not going to rattle that off now.
20      I will refer all discovery disputes to the Magistrate
21 Judge assigned to the case and with a personal jurisdiction
22 issue.  Let me just say that when you file the motion to
23 dismiss, if your alternative is to request jurisdictional
24 discovery, I will need a discovery plan that is concise and
25 quick.  And, so, it's nice if you can include it in your

1 motion, but I don't actually require it.  I will require it
2 within a few days of the -- either of the hearing.  If it's
3 clear to me, I'm going to deny the motion or of my order, so
4 that we can keep the case moving.  So, I just want you to be
5 thinking about it, of what you would need, but I'm actually
6 hoping you might do some of that before I even see you on
7 the -- on the motion to dismiss.
8           MR. DAVIS:  Understood, your Honor.  That all
9 makes good sense.
10          THE COURT:  Good.  Okay.  All right.  I -- so, I
11 don't think I need another Case Management Conference set at
12 this time.  Let me just say that, although I don't set
13 regular Case Management Conferences because those arbitrary
14 dates seem to never align with a date that would be useful
15 to you, if an issue arises that you believe can be dealt
16 with in case management, please send -- send me a joint
17 statement.  Identify the issue and your positions, and ask
18 for a case management hearing.  I try to set it within a
19 week on Zoom.  We'll either resolve the issue or at least
20 know how we're going to get to resolution.
21     So, with that, I will -- I will file an order with your
22 schedule in it for trial and summary judgment.  And then,
23 when you get that order, I'm going to ask that you provide
24 me with discovery, fact discovery and expert disclosure and
25 cutoff dates consistent with the trial date that I give you,

1 and I'll ask that you file that stip and proposed order by
2 November 15.  I'll try to get that order with trial dates
3 out this morning.  I mean, it takes me a few minutes, but
4 I'm not going to do it while you're here on the Zoom
5 hearing.
6     Okay.  That takes care of everything I have.  Mr.
7 Schwartz, anything else from your end?
8         MR. SCHWARTZ:  Yes, please, your Honor.  Just
9 following up on the motion to dismiss and our amendment.
10 When we had the Rule 26(f) conference at the beginning or
11 October 10th, whenever it was --
12         THE COURT:  Yeah.
13         MR. SCHWARTZ:  -- we had asked the Defendants,
14 because they mentioned they were thinking of a motion to
15 dismiss, if they would identify defects they -- they saw in
16 the complaint.  If we were going to amend, we could deal
17 with it, shorten things --
18         THE COURT:  Um-hmm.
19         MR. SCHWARTZ:  -- et cetera.  And may I ask that
20 you direct the parties to meet and confer so that we can
21 tell them what our amendment is, they can tell us what
22 defects they have sought in the current pleading, and we can
23 try and streamline this process to obviate multiple rounds
24 and multiple pleadings?
25         THE COURT:  Mr. Davis?  I think it's a good idea.

1          MR. DAVIS:  We are happy to meet and confer, your
2 Honor.
3          THE COURT:  Okay.  Then we'll require that you
4 meet and confer over the operative pleading and that the
5 Defendant point out the issues that would be raised in a
6 motion to dismiss so that the Plaintiff can either decide
7 that what he's written is good or make some changes.
8          MR. DAVIS:  I will say I think Mr. Schwartz is
9 well aware of the issues already, given the motion to stay
10 we filed, and we put them all in the Case Management
11 Statement, but we're happy to do it.
12         THE COURT:  All right.  I didn't read the motion
13 to stay  I just saw it got filed.  So, okay.  That's all
14 fine, and it may be that you want to immediately continue
15 the date that the Defense has to respond to the operative
16 complaint so that that doesn't get missed.  But, otherwise,
17 I owe you one thing, and then you owe me something, and I'll
18 see how this develops.  Okay?
19         MR. SCHWARTZ:  Thank you so much, your Honor.
20         THE COURT:  All right.  Thank you.
21         MR. DAVIS:  Thank you, your Honor.
22         THE COURT:  I look forward to -- good.
23         THE CLERK:  This Court is adjourned.
24     (Proceedings adjourned at 12:03 p.m.)
25

17

1  CERTIFICATE OF TRANSCRIBER

2

3   I certify that the foregoing is a true and correct
4 transcript, to the best of my ability, of the above pages of
5 the official electronic sound recording provided to me by
6 the U.S. District Court, Northern District of California, of
7 the proceedings taken on the date and time previously stated
8 in the above matter.
9   I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.

14
15        *[signature]*
16
17        Echo Reporting, Inc., Transcriber
18           Monday, November 4, 2024
19
20
21
22
23
24
25