QUINN EMANUEL URQUHART &
SULLIVAN, LLP
 David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
 50 California Street, 22nd Floor
 San Francisco, California 94111-4788
 Telephone:    (415) 875-6600

 Robert Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
 Aaron Perahia (Bar No. 304554)
  aaronperahia@quinnemanuel.com
 865 South Figueroa Street, 10th Floor
 Los Angeles, California 90017-2543
 Telephone:    (213) 443-3000

 Evan Pearson (*pro hac vice*)
  evanpearson@quinnemanuel.com
 300 West Sixth Street, Suite 2010
 Austin, Texas 78701-3901
 Telephone:    (737) 667-6100

 Hayden Little (*pro hac vice*)
  haydenlittle@quinnemanuel.com
 700 Louisiana Street, Suite 3900
 Houston, Texas 77002-2841
 Telephone:    (713) 221-7000

*Attorneys for Plaintiffs Yangtze Memory
Technologies Company, Ltd. and Yangtze
Memory Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD. and YANGTZE MEMORY TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> STRAND CONSULT and ROSLYN LAYTON, <br><br> Defendants. | Case No. 5:24-cv-03454-BLF <br><br> Hon. Beth Labson Freeman <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY** <br><br> Date:  March 13, 2025 <br> Time:  9:00 am <br> Place:  Courtroom 3, 5th Floor <br> Trial:  March 22, 2027 <br><br> Complaint Filed: June 7, 2024 |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   INTRODUCTION................................................................................................1

II.  BACKGROUND...............................................................................................2

III. LEGAL STANDARD ........................................................................................3

IV.  THE COURT SHOULD DENY DEFENDANTS' STAY MOTION ...................................4

     A.   Plaintiffs' Amended Complaint Will Moot Defendants' Motion. ............................4

     B.   Motions To Dismiss Do Not Stay Discovery.........................................5

     C.   Defendants' Standing and Jurisdictional Arguments Lack Merit. ............................6

V.   CONCLUSION ................................................................................................8

# TABLE OF AUTHORITIES

## Cases

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
    11 F.4th 972 (9th Cir. 2021)................................................................................. 7, 8

*In re Bah*,
    321 B.R. 41 (9th Cir. BAP 2005) ........................................................................ 5

*Bruton v. Gerber Prod. Co.*,
    2014 WL 172111 (N.D. Cal. Jan. 15, 2014) ........................................................ 4

*Canter & Assocs. v. Teachscape, Inc.*,
    2008 WL 191978 (N.D. Cal. Jan. 22, 2008) ........................................................ 5

*City of Los Angeles v. Citigroup Inc.*,
    24 F. Supp. 3d 940 (C.D. Cal. 2014) ................................................................... 6

*Espineli v. Toyota Motor Sales, U.S.A., Inc.*,
    2019 WL 3080808 (E.D. Cal. July 15, 2019) ...................................................... 5

*Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*,
    63 F. Supp. 2d 1127 (N.D. Cal. 1999) ................................................................. 4

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ............................................................................................. 6

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) ............................................................................. 7

*Miranda v. Swift*,
    2018 WL 4110500 (N.D. Cal. Aug. 28, 2018) ..................................................... 4

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
    2018 WL 1569811 (N.D. Cal. Feb. 16, 2018) ...................................................... 4

*Palantir Techs. Inc. v. Abramowitz*,
    2020 WL 13548687 (N.D. Cal. Jan. 30, 2020) .................................................... 3

*Power Integrations, Inc. v. Park*,
    2016 WL 10859441 (N.D. Cal. Dec. 2, 2016) ..................................................... 4

*Singh v. Google, Inc.*,
    2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) ..................................................... 5

*Skydive Arizona, Inc. v. Quattrocchi*,
    673 F.3d 1105 (9th Cir. 2012) ............................................................................. 5

*Tavantzis v. Am. Airlines, Inc.*,
   2024 WL 812012 (N.D. Cal. Feb. 23, 2024) ......................................................... 5, 7

*Yahoo!, Inc. v. One Diamond Elecs.*, Inc.,
   2007 WL 2255295, at *2 (N.D. Cal. Aug. 3, 2007) ................................................ 5

## **<u>Other Authorities</u>**

Fed. R. Civ. P. Rule 4(k)(2) ........................................................................................ 7

Fed. R. Civ. P. Rule 26(a)(1)(C) ................................................................................ 3

Fed. R. Civ. P. Rule 26(c) ........................................................................................... 3

Fed. R. Civ. P. Rule 26(f) ........................................................................................... 3

I.      **INTRODUCTION**

This Court has consistently turned away defendants who ask to stay discovery while they attack the pleadings.[1]  The Court should do so here for the same reasons that it has done so in the past, and for the additional reason that Plaintiffs' forthcoming amended complaint, as Plaintiffs foreshadowed at the October 31 Case Management Conference, moots Defendants' motion.

Defendants seek to block discovery based on their intent to attack, under Rule 12(b)(6) and California's anti-SLAPP statute, the three California state law claims raised in the Complaint and to dispute that the Court had subject matter jurisdiction on the basis of diversity of citizenship. But those questions will no longer be at issue: The amended complaint ***drops*** the California state law claims.  That moots Defendants' Rule 12(b)(6) and anti-SLAPP motions.  The amended complaint ***adds*** two claims arising under the Lanham Act.  Such claims are not subject to the anti-SLAPP statute.  And those claims vest the Court with subject matter jurisdiction on "federal question" grounds, mooting any question about diversity of citizenship.

Defendants have also threatened a pleading motion on Plaintiffs' trade libel claim, challenging the adequacy of Plaintiffs' allegations of special damages.  But that, too, will be moot because no such allegations are required to state a Lanham Act claim.

The remaining issues that Defendants have threatened to raise at this stage of the case are Article III standing and personal jurisdiction.  But as explained below, those grounds are not a basis to stay discovery.  Regardless, those arguments lack merit.  Defendants' "standing" argument is, in reality, an argument that there is an insufficient causal connection between Defendants' false statements about Plaintiffs and Plaintiffs' loss of business, given statements that the federal government made about Plaintiffs that, Defendants claim, could be responsible for Plaintiffs' lost business.  That is a fact-based question that neither raises an Article III standing question nor can be resolved as a matter of law.  Further, Defendants have their facts wrong. ***Before*** the government said anything about Plaintiffs, Defendants had already began making their false statements about Plaintiffs and Plaintiffs had already sustained massive financial harm from

---

[1]  *See, e.g., Singh v. Google, Inc.* and *Tavantzis v. Am. Airlines, Inc.*, cited in full in Section IV.B.

1   Defendants' statements.  That suffices to plead causation and satisfies Article III.  As to personal

2   jurisdiction, Defendants targeted their "Silicon Sellout" article toward one of Plaintiffs' customers,

3   who resides in this district, and called for that customer to end its relationship with Plaintiffs,

4   which allows the Court to assert personal jurisdiction over all Defendants.

5        Defendants filed their stay motion not to obtain a prompt ruling from the Court but, rather,

6   to use its pendency as an excuse to disregard their discovery obligations.  Defendants have refused

7   to serve their initial disclosures despite that deadline having expired on October 24.  Defendants

8   still dispute Plaintiffs' right to initiate party and third-party discovery.  As explained below,

9   Defendants have failed to meet their heavy burden of demonstrating that a stay of discovery is

10  warranted.  There is no basis to prevent Plaintiffs from proceeding with discovery.  The Court

11  should deny Defendants' motion.

12  **II.    <u>BACKGROUND</u>**

13       Starting in 2020, Defendants Strand Consult and Roslyn Layton, through a website called

14  "China Tech Threat" ("CTT"), began disseminating outlandish and demonstrably false allegations

15  about Plaintiffs.  ECF 1 ("Compl.") ¶ 4.  These defamatory statements launched CTT's campaign

16  of characterizing Plaintiffs as "Chinese Military Chip maker[s]" "associated with criminal activity,

17  including a Social Security spoofing scam, identity theft and cyber extortion."  *Id.* ¶¶ 4-6.

18       On June 1, 2022, CTT ramped up its attack against Plaintiff by publishing an article

19  claiming that Plaintiffs' chips were "equipped with spyware" that could "funnel collected data

20  back to Beijing" and "exfiltrate data" thereby "[c]ompromising iPhone users' security and

21  privacy."  *Id.* ¶ 5.  These allegations are not only false, but at odds with what flash memory

22  devices are capable of doing.  As with other memory devices, Plaintiffs' chips are unable to

23  execute code and lack the basic components necessary for remote control or wireless

24  communication.  *Id.*

25       In January 2024, Bloomberg reported that Plaintiffs' competitor, Micron, had funded

26  statements that CTT had made in an "astroturfing" campaign concocted to disguise Micron's

27  corporate public relations agenda as grassroots (i.e., consumer-level) advocacy.  *Id.* ¶¶ 3, 27.  This

28

1   campaign has spread false and devastating lies about Plaintiffs to benefit Micron's commercial

2   prospects. *Id.* ¶ 27.

3        In June 2024, Plaintiffs sued Defendants Strand and Ms. Layton to clear their name and

4   recover the losses Defendants' actions have caused. ECF 1. Given the harm and indications that

5   Micron may be behind the statements made in the CTT articles, Plaintiffs requested an October 10

6   Rule 26(f) conference so that they could find out how Defendants' outlandish claims originated.

7   *See* ECF No. 39 ("Mot.") 4-5. At the Rule 26(f) conference, Defendants objected to proceeding

8   with discovery until the Court ruled on their forthcoming motion to dismiss. *See* ECF 39-1 ¶ 8.

9   To move this case toward resolution against Defendants' intransigence, and as required by the

10  Rule 26(a)(1)(C), Plaintiffs served their initial disclosures on October 24, but received nothing in

11  return from Defendants. *Id.*; *see also* Declaration of Robert Schwartz ("Schwartz Decl.") ¶ 2.

12       On October 31, the Court held a Case Management Conference. *See* ECF 42. The Court

13  stated that the timing of Defendants' Motion "is particularly difficult" because a "motion to

14  dismiss [is] not on file yet[.]" ECF 44 at 3:18-4:7. The Court added that, even though it was

15  "particularly attuned" to a discovery stay where a motion to dismiss raises personal jurisdiction

16  and Article III standing issues, it would not rule on the Motion until it had the opportunity to

17  evaluate "the strength of [Defendants'] arguments" and Plaintiffs' opposition. *Id.* 4:11-6:1.

18       In response, Plaintiffs stated that Defendants' stay motion soon would be rendered moot.

19  *Id.* 6:22-25. Plaintiffs explained that they intended to amend their Complaint to add a Lanham Act

20  claim. *Id.* 7:2-11. At Plaintiffs' request, the Court directed the parties to meet and confer on the

21  amended complaint so that Defendants could identify items that they perceived as a basis for a

22  motion to dismiss, which would then allow Plaintiffs to address those issues and potentially avoid

23  needless motion practice. *Id.* 15:8-16:7.

24  ### III.   <u>LEGAL STANDARD</u>

25       Because district courts have considerable latitude under Rule 26(c) to manage the timing

26  and sequence of discovery, a party seeking a stay of discovery "carries the heavy burden of

27  making a 'strong showing' why discovery should be denied." *Palantir Techs. Inc. v. Abramowitz*,

28  2020 WL 13548687, at *1 (N.D. Cal. Jan. 30, 2020) (citation omitted). "[T]he moving party must

show a particular and specific need" for a stay, "as opposed to making stereotyped or conclusory statements" or "superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) (citation omitted).

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Power Integrations, Inc. v. Park*, 2016 WL 10859441, at *1 (N.D. Cal. Dec. 2, 2016) (citation omitted) (denying motion to stay while motion to dismiss was pending). If the Federal Rules contemplated that a motion to dismiss would stay discovery as a matter of course, "the Rules would contain a provision to that effect," and "such a notion is directly at odds with the need for expeditious resolution of litigation." *Id.*; *see also Optronic*, 2018 WL 1569811, at *1 ("[B]lanket stays of all discovery matters are an exception to the rules rather than enunciated in the rules.").

## IV. <u>THE COURT SHOULD DENY DEFENDANTS' STAY MOTION</u>

### A. <u>Plaintiffs' Amended Complaint Will Moot Defendants' Motion.</u>

When an amended complaint is filed in response to a motion to dismiss, it is the Court's practice to deny that motion as moot. *See e.g.*, *Miranda v. Swift*, 2018 WL 4110500, at *1 (N.D. Cal. Aug. 28, 2018) ("Because the first amended complaint ('FAC') is now the operative complaint in this action, Defendants' motion to dismiss the original complaint … is denied as moot."). That reasoning should apply to a *forthcoming* motion to dismiss, as well. In either situation, an amended complaint "supercedes the original complaint and renders it without legal effect." *See Bruton v. Gerber Prod. Co.*, 2014 WL 172111, at *7 n.2 (N.D. Cal. Jan. 15, 2014). The same is true here.

***First***, because Defendants cannot file an anti-SLAPP motion against federal claims, and the California state law claims will no longer be pursued, that motion can no longer be filed. *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999) (defendant's argument that the "anti-SLAPP statute should be applied to federal question claims" is "not supported by *Erie* rationale in the *Lockheed* decision or by any other authority of which the Court is aware," thus "the Court concludes that the anti-SLAPP statute is not applicable

1    to the federal claims[.]"); *In re Bah*, 321 B.R. 41, 46 (9th Cir. BAP 2005) ("We ... agree with the

2    *Globetrotter* court that the anti-SLAPP statute may not be applied to matters involving federal

3    questions...").

4          **Second**, because Plaintiffs' Lanham Act claim will create federal question subject matter

5    jurisdiction, the Court no longer needs to evaluate whether it has jurisdiction based on diversity of

6    citizenship.  *Yahoo!, Inc. v. One Diamond Elecs.*, Inc., 2007 WL 2255295, at *2 (N.D. Cal. Aug.

7    3, 2007) (finding that because the case "presented a federal question" through a Lanham Act claim

8    "the Court has subject matter jurisdiction" despite a finding of non-diversity).

9          **Third**, Plaintiffs are not required to plead special damages under their Lanham Act claim.

10   Plaintiffs are required to plead only that they "ha[ve] been or [are] likely to be injured as a result

11   of the false statement, either by direct diversion of sales from itself to defendant or by a lessening

12   of the goodwill associated with its products," (*Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d

13   1105, 1110 (9th Cir. 2012)) which the Complaint already sets forth.  Compl. ¶¶ 35-37.

14         **B.    Motions To Dismiss Do Not Stay Discovery.**

15         As noted on page 1, this Court has been unequivocal: "Had the Federal Rules contemplated

16   that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would

17   contain a provision to that effect.  In fact, such a notion is directly at odds with the need for

18   expeditious resolution of litigation."  *Singh v. Google, Inc.*, 2016 WL 10807598, at *1 (N.D. Cal.

19   Nov. 4, 2016); *see also, e.g.*, *Tavantzis v. Am. Airlines, Inc.*, 2024 WL 812012, at *2-3 (N.D. Cal.

20   Feb. 23, 2024) (denying request to stay discovery where a motion to dismiss was pending).

21         The Court should not permit Defendants to refuse to participate in discovery.  As Courts in

22   this district have recognized, "the pendency of a motion to dismiss almost never serves to excuse

23   compliance with initial disclosure obligations.  *Canter & Assocs. v. Teachscape, Inc*., 2008 WL

24   191978, at *1 n. 2 (N.D. Cal. Jan. 22, 2008); *see also Espineli v. Toyota Motor Sales, U.S.A., Inc*.,

25   2019 WL 3080808, at *1 (E.D. Cal. July 15, 2019) (declining to alter initial disclosure deadlines

26   based on a pending motion to dismiss and a "forthcoming second motion to dismiss").  These

27   principles alone warrant denial of Defendants' Motion.

28

**C.**     **Defendants' Standing and Jurisdictional Arguments Lack Merit.**

*Article III Standing*.  Defendants argue that Plaintiffs lack Article III standing because their injury does not flow legally from Defendants' false statements about Plaintiffs but from statements about Plaintiffs made by others, most notably, persons speaking for the federal government.  *See* Mot. 7-9.  To support their argument, Defendants dispute the facts alleged in the Complaint to argue that those third-party statements, and not Defendants' statements, harmed Plaintiffs.  *Id.*

Even if Defendants were right on the facts—as explained below, they are not—Defendants are wrong on the law in two key respects.  First, Defendants have conflated arguments about whether a plaintiff can establish a prima facie element of its claim with the lack of Article III standing.  These are not the same concepts.  Article III standing concerns whether the plaintiff has presented a "case or controversy" that belongs before a federal court, such as whether the plaintiff has suffered a recognized "injury in fact."  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (to establish Article III standing, "[t]he plaintiff must have suffered … a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision.").  But an argument that a plaintiff might not be able to establish a prima facie element of its claim, such as the element of causation, does not raise an Article III standing "defect."  *See id.* at 134 n.6 ("Proximate causation is not a requirement of Article III standing, which requires only that the plaintiff's injury be fairly traceable to the defendant's conduct …. [Proximate causation] is an element of the cause of action under the statute, and so is subject to the rule that 'the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction.'").  Were Defendants correct, every 12(b)(6) motion would be an Article III standing motion.

Moreover, this is not the stage of the case to test whether Plaintiffs will be able at trial to convince the jury that no one besides Defendants is legally responsible for the harm Plaintiffs have sustained.  Those arguments depend on facts and evidence, and are not to be resolved at the pleading stage.  *See City of Los Angeles v. Citigroup Inc.*, 24 F. Supp. 3d 940, 950 (C.D. Cal. 2014) ("Article III causation—like injury in fact—is inextricably intertwined with the merits of

1   L.A.'s claims, so factual disputes regarding causation should not be resolved on a Rule 12(b)(1)

2   motion to dismiss."); *see also Tavantzis,* 2024 WL 812012, at *2 (denying stay where motion to

3   dismiss relied on evidence outside of the complaint).

4          At this stage of the case, it is sufficient that the Complaint alleges a non-attenuated "line of

5   causation" between Defendants' actions and Plaintiffs' harm. *Maya v. Centex Corp.*, 658 F.3d

6   1060, 1070 (9th Cir. 2011) ("To survive a motion to dismiss for lack of constitutional standing,

7   plaintiffs must establish a 'line of causation' between defendants' action and their alleged harm

8   that is more than 'attenuated.'").  The Complaint alleges that Defendants' statements began as

9   early as September 2020 (Compl. ¶ 4), nearly one year before, according to Defendants, the

10  federal government said anything negative about Plaintiffs.  *See* Mot. 7-9.  In fact, the statements

11  by members of the federal government (and others) are merely ***republications*** of Defendants'

12  earlier statements.  For example, Defendants cite a July 2021 press release from the House Foreign

13  Affairs Committee critical of Plaintiffs because of their supposed ties to the Chinese government.

14  *Id.* at 8.  But these allegations are substantively the same statements that Defendants made in

15  October 2020 under the "China Tech Threat" banner  *See* Schwartz Decl.; Ex. A at 10.

16          ***Personal Jurisdiction.***  The amended complaint likewise moots Defendants' personal

17  jurisdiction arguments.  Even if no Defendant were domiciled in any U.S. state, Plaintiffs' added

18  Lanham Act claims create personal jurisdiction over Defendants under the federal long-arm

19  statute.  Rule 4(k)(2) provides: "For a claim that arises under federal law, serving a summons or

20  filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is

21  not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising

22  jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2).

23  "Personal jurisdiction is proper under Rule 4(k)(2) when (1) the action arises under federal law,

24  (2) "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction," and

25  (3) the court's exercise of jurisdiction comports with due process."  *Ayla, LLC v. Alya Skin Pty.*

26  *Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021) (quotations omitted).

27          Plaintiffs will have satisfied the first requirement by asserting a claim under the Lanham

28  Act.  *Id.* (finding that the plaintiff's Lanham Act action "undisputedly arises under federal

law[.]").  The second prong is satisfied because, as Defendants claim in the Motion, both Defendants are residents of Denmark and, thus, not subject to jurisdiction in any state's courts of general jurisdiction.  Mot. 9-10.  The third prong is satisfied because exercising jurisdiction over these nonresident defendants comports with due process.  Defendants "purposefully directed" their activities toward the United States, and California in particular, when they called for one of Plaintiffs' customers, located in this district, to move its business to one of Plaintiffs' competitors.  Compl. ¶ 34.  This intention is laid bare in the article's title, which calls Plaintiffs' customer a "Silicon Sellout."  *Id.* ¶ 4.  Plaintiffs' claims arise out of these and other related statements.  *Id.* ¶¶ 13-17.  These facts establish that Defendants have at least "minimum contacts" with the forum and support the conclusion that subjecting Defendants to this action does "not offend traditional notions of fair play and substantial justice."  *Ayla*, 11 F. 4th at 979.

Defendants' Motion fails to make the required "compelling case" (or any other) that exercise of jurisdiction here would not be reasonable or satisfy the demands of due process.

## V.    **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion to Stay.

DATED:  November 13, 2024                        Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By _____
Robert M. Schwartz

*Attorneys for Plaintiffs Yangtze Memory Technologies Company, Ltd. and Yangtze Memory Technologies, Inc.*

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that on this 13th day of November 2024, I electronically transmitted the

3   foregoing document to the Clerk's Office using the CM/ECF System, causing it to be

4   electronically served on all attorneys of record.

5                                                    By _____

6                                                          Robert M. Schwartz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY