Ethan P. Davis (SBN 294683)
 edavis@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile:  (415) 318-1300

Randy M. Mastro (*pro hac vice*)
 rmastro@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, New York 10036
Telephone: (212) 556-2100
Facsimile:  (212) 556-2222

*Attorneys for Defendants*
STRAND CONSULT AND ROSLYN LAYTON

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Yangtze Memory Technologies Company, Ltd. and Yangtze Memory Technologies, Inc., <br><br>Plaintiffs, <br><br>v. <br><br>Strand Consult, Roslyn Layton, and DCI Group AZ L.L.C., <br><br>Defendants. | Case No. 5:24-cv-03454-BLF <br><br>Hon. Beth Labson Freeman <br><br>**DECLARATION OF ETHAN P. DAVIS IN SUPPORT OF DEFENDANTS STRAND CONSULT AND ROSLYN LAYTON'S MOTION TO STAY DISCOVERY** <br><br>Complaint Filed: June 7, 2024 |

### DECLARATION OF ETHAN P. DAVIS

I, Ethan P. Davis, declare as follows:

1. I am a partner at the law firm of King & Spalding LLP, counsel for Strand Consult and Roslyn Layton ("Defendants") in the above-captioned litigation. I am licensed to practice law in the State of California. I submit this declaration in support of Defendants' Reply In Support of Motion to Stay Discovery. I have personal knowledge of the facts set forth herein and could competently testify thereto if called upon to do so.

2. During the initial case management conference on October 31, 2024, Defendants raised their argument that there is no basis for subject-matter jurisdiction over this action because Defendant Roslyn Layton is a citizen of the United States not domiciled in any State.

3. In response, Plaintiffs' counsel indicated that Plaintiffs intended to amend their complaint to assert a Lanham Act claim over which the court would have federal-question jurisdiction.

4. On November 14, 2024, Defendants brought to Plaintiffs' attention case law holding that when subject-matter jurisdiction is lacking at the outset of an action, that defect cannot be cured by an amended complaint and the action must be dismissed.

5. A true and correct copy of the November 14, 2024, email correspondence between Defendants' counsel and Plaintiffs' counsel on this subject is attached hereto as **Exhibit A.**

6. Plaintiffs' original complaint alleges, upon information and belief, that Defendant Roslyn Layton "owns a home located at 957 8th Street S., Naples, Florida." Dkt. 1 ¶ 12.

7. A true and correct copy of the public record of the Collier County Property Appraiser's office for 957 8th Street S., Naples, Florida, is attached hereto as **Exhibit B.**

8. The public record attached as Exhibit B was retrieved by Defendants' counsel on November 18, 2024, from the Property Search webpage of the Collier County Property Appraiser, available at https://www.collierappraiser.com/index.html?page=main_data/publicrecords.html

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of November 2024, at San Francisco, California.

*/s/ Ethan P. Davis*
Ethan P. Davis