# EXHIBIT A

| | |
|---|---|
| **From:** | Caroline Freeman |
| **To:** | Evan Pearson; Ethan Davis; Randy Mastro |
| **Cc:** | Robert Schwartz; David Eiseman; Aaron Perahia; Hayden Little |
| **Subject:** | RE: Yangtze Memory Technologies, Inc. et al v. Strand Consult et al. - Submission on ADR Process |
| **Date:** | Thursday, November 14, 2024 9:29:19 PM |
| **Attachments:** | YMTC et al. v. Strand et al. - Proposed ADR_TC (K&S).pdf |

We agree that submitting a request for an ADR phone conference is the best way to proceed at this point. Please see attached the signed and dated form.

Caroline

**From:** Evan Pearson <evanpearson@quinnemanuel.com>
**Sent:** Thursday, November 14, 2024 8:02 PM
**To:** Ethan Davis <EDavis@KSLAW.com>; Randy Mastro <RMastro@KSLAW.com>; Caroline Freeman <CFreeman@KSLAW.com>
**Cc:** Robert Schwartz <robertschwartz@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Aaron Perahia <aaronperahia@quinnemanuel.com>; Hayden Little <haydenlittle@quinnemanuel.com>
**Subject:** RE: Yangtze Memory Technologies, Inc. et al v. Strand Consult et al. - Submission on ADR Process

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Ethan, Plaintiffs dispute Defendants' view of the case as you set out below, but that does not relieve the parties of their obligation to submit a form on a proposed ADR process to the Court today. Given the Defendants' disagreement with Plaintiffs' proposals and Defendants' failure to propose an alternative, we propose submitting a request for an ADR phone conference. Our proposed submission is attached. Please sign and date if this is agreeable to you.

Evan

**From:** Ethan Davis <EDavis@KSLAW.com>
**Sent:** Thursday, November 14, 2024 2:53 PM
**To:** Evan Pearson <evanpearson@quinnemanuel.com>; Randy Mastro <RMastro@KSLAW.com>; Caroline Freeman <CFreeman@KSLAW.com>
**Cc:** Robert Schwartz <robertschwartz@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Aaron Perahia <aaronperahia@quinnemanuel.com>; Hayden Little <haydenlittle@quinnemanuel.com>
**Subject:** RE: Yangtze Memory Technologies, Inc. et al v. Strand Consult et al. - Submission on ADR Process

**[EXTERNAL EMAIL from edavis@kslaw.com]**

Evan,

Thanks for reaching out. We do not agree that either private mediation or an early settlement

conference makes sense at this juncture.

As Plaintiffs' counsel stated at the initial case management conference, there is not much point in addressing potential ADR options before the jurisdictional issues are addressed. That is still the case. There are fundamental jurisdictional problems with the complaint that cannot be cured by amendment. As Defendants explained in the Joint Case Management Statement and the Motion to Stay Discovery, there is no basis for diversity jurisdiction, which was the only ground for subject-matter jurisdiction that could have supported the original complaint. A federal court's jurisdiction depends on the facts at the time the action was brought. "If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'" *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (quoting 15 Wright & Miller, Federal Practice and Procedure § 3844, at 332 (1986)). When a defect is "one of substance" rather than a mere defect in the allegations, no amendment can cure the fact that the federal courts lack jurisdiction. *Id.* at 1380-81 & n.3; *see also Strudley v. Santa Cruz Cnty. Bank*, 747 F. App'x 617, 618 (9th Cir. 2019) (holding that FRCP 15(a) did not permit plaintiff to "create jurisdiction, not clarify it," by amending complaint to add a federal cause of action). In short, the jurisdictional defect in this action cannot be cured and the action must be dismissed. If Plaintiffs wish to continue litigating, they could do so only by filing a new action. In any event, the lack of personal jurisdiction would still be a fatal flaw.

Furthermore, given that the amended complaint has not even been filed yet and that the amended complaint will supposedly completely transform Plaintiffs' legal theories by eliminating the only claims in the original, operative complaint and introducing entirely new claims (that have not yet been described), we are not able to determine what it is that you propose to mediate.

Ethan

**From:** Evan Pearson <evanpearson@quinnemanuel.com>
**Sent:** Thursday, November 14, 2024 12:07 PM
**To:** Randy Mastro <RMastro@KSLAW.com>; Ethan Davis <EDavis@KSLAW.com>; Caroline Freeman <CFreeman@KSLAW.com>
**Cc:** Robert Schwartz <robertschwartz@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Aaron Perahia <aaronperahia@quinnemanuel.com>; Hayden Little <haydenlittle@quinnemanuel.com>
**Subject:** Yangtze Memory Technologies, Inc. et al v. Strand Consult et al. - Submission on ADR Process

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel, for today's ADR submission, Plaintiffs propose stipulating to a private mediation or an early settlement conference with the Magistrate Judge by the presumptive deadline. Please let us know if either of these proposals are acceptable to Defendants or propose an alternative. Thank you.

**Evan Pearson** | *Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
300 W. 6th Street, Suite 2010
Austin, TX 78701

737-667-6119 Direct
737-667 6100 Main Office
evanpearson@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.