UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STRAND CONSULT, et al.,<br><br>    Defendants. | Case No. 24-cv-03454-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND VACATING HEARING**<br><br>[Re: ECF No. 39] |

Defendants Strand Consult and Roslyn Layton's (collectively, "Defendants") filed the Motion to Stay Discovery until resolution of Defendants' upcoming Motion to Strike and Motion to Dismiss. ECF 39. Plaintiffs Yangtze Memory Technologies Company, Ltd., and Yangtze Memory Technologies, Inc. (collectively, "Plaintiffs") filed an opposition. ECF 46. The Court finds this motion appropriate for disposition without oral argument. *See* Civil Local Rule 7-1(b). After considering the moving and responding papers and the relevant record, the Court GRANTS Defendants' Motion to Stay Discovery and VACATES the hearing set for March 13, 2025.

**I.  BACKGROUND**

Plaintiffs allege that Defendants have begun making false statements about Plaintiffs and Plaintiffs' products since September 2020. ECF 1 at ¶ 4. On June 7, 2024, Plaintiffs filed a complaint ("Original Complaint") alleging claims for trade libel and violation of Cal. Bus. Prof. Code § 17200 *et seq.* against Defendants. ECF 1. On October 30, 2024, Defendants filed the Motion to Stay Discovery. ECF 39. On October 31, 2024, the Court held a Case Management Conference. ECF 42. At the Case Management Conference, Plaintiffs stated that they intended to amend their complaint to cure issues raised by Defendants in the Motion to Stay Discovery. *See* Case Management Conference Tr., ECF 44 at 6:19-8:25. On November 17, 2024, Plaintiffs amended their Complaint

1  ("Amended Complaint") adding DCI Group AZ, LLC as a new defendant and adding Lanham Act
2  claims under 15 U.S.C. § 1125(a). ECF 50 at ¶¶ 61-85. Plaintiffs dropped the California state law
3  claims. *See id.*

## II. LEGAL STANDARD

A district court "may, for good cause, issue an order to protect a party or person from … undue burden or expense," including by staying discovery. Fed. R. Civ. P. 26(c)(1); *see, e.g., Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020); *In re Nexus 6P Prod. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). A district court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Chadwick v. BMO Harris Bank NA*, 675 F. App'x 654, 655 (9th Cir. 2017). Courts in this district apply a two-part test to determine whether to stay discovery pending resolution of a dispositive motion. First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Reveal Chat*, 2020 WL 2843369, at *2 (citation omitted). The critical "question is only whether [movant's] motion to dismiss is 'potentially dispositive[.]'" *Id.* at *3 (citation omitted). Second, "the court must determine whether the pending motion can be decided absent additional discovery." *Id.* at *2 (citation omitted). In applying this test, "the court must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted." *Id.* (citation omitted).

## III. DISCUSSION

Defendants argue that their upcoming Motion to Strike and Motion to Dismiss will present case-dispositive grounds to dismiss the case. ECF 39 at 5-10. Specifically, Defendants argue that 1) Plaintiffs' Original Complaint is a Strategic Lawsuit Against Public Participation ("SLAPP") and Defendants intend to bring a Motion to Strike under the anti-SLAPP statute, ECF 39 at 6; 2) the Court lacks subject matter jurisdiction, ECF 39 at 7; 3) Plaintiffs lack Article III standing, ECF 39 at 7-9; 4) the Court lacks personal jurisdiction over Defendants, ECF 39 at 9-10; and 5) Plaintiffs have failed to state a claim, ECF 39 at 10. With respect to the subject matter jurisdiction issue, Defendants argue that there is no basis for diversity jurisdiction in Plaintiffs' Original Complaint because Defendant Roslyn Layton "is a U.S. citizen who is not domiciled in any U.S. State," and

1  thus 28 U.S.C. § 1332(a)(3) does not apply. ECF 39 at 7. Defendants further argue that the defect
2  in subject matter jurisdiction cannot be cured by Plaintiffs' claims under the Lanham Act added in
3  the Amended Complaint because "[s]ubject matter jurisdiction must exist as of the time the action
4  is commenced." ECF 55 at 1-2 (citing *Morongo Band of Missions Indians v. Cal. State Bd. of
5  Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)).

6  Plaintiffs contend that their Amended Complaint moots Defendants' Motion to Stay
7  Discovery. Specifically, Plaintiffs argue that, considering their newly pleaded federal claims under
8  the Lanham Act and dismissal of all state law claims, Defendants cannot file an anti-SLAPP motion,
9  the Lanham Act claims create federal question subject matter jurisdiction, and the Lanham Act
10 claims do not require Plaintiffs to plead special damages. ECF 46 at 4-5.

11 Having considered the parties' arguments, the Court GRANTS Defendants' motion to stay
12 discovery. First, the Court has reviewed the parties' arguments on the issue of subject matter
13 jurisdiction which are discussed by the parties in sufficient detail to provide the Court with a
14 "preliminary peak" at the merits of Defendants' argument. While the Court does not provide an
15 opinion on the merits of the upcoming motion to dismiss, the Court finds that Defendants have
16 established in their papers that the subject matter jurisdiction issue is "potentially dispositive" of the
17 entire case, which favors staying discovery until the Court issues a ruling on that issue. *See Wood
18 v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *Yiren Huang v. Futurewei Techs., Inc.*, No. 18-cv-
19 00534-BLF, 2018 WL 1993503, at *2 (N.D. Cal. Apr. 27, 2018).

20 Second, the subject matter jurisdiction issue can be decided without further discovery. The
21 issue appears to be solely a legal issue regarding whether an amended complaint can cure a defect
22 in subject matter jurisdiction. A decision on the upcoming motion to dismiss can be made "based
23 solely on the allegation in the Complaint." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-cv-
24 00363-BLF, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020).

25 //
26 //
27 //
28 //

3

**IV.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

Defendants' motion to stay discovery is GRANTED; and the March 13, 2025 hearing is VACATED. All discovery in this matter is hereby STAYED pending ruling on Defendants' upcoming Motion to Dismiss.

Dated: December 2, 2024

_____
BETH LABSON FREEMAN
United States District Judge