# Exhibit A

Outlook

## RE: YMTC v. Strand - follow-up: authorities regarding basis for Rule 11

**From** Caroline Freeman <CFreeman@KSLAW.com>

**Date** Fri 12/20/2024 9:04 AM

**To** Aaron Perahia <aaronperahia@quinnemanuel.com>; Robert Schwartz <robertschwartz@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Evan Pearson <evanpearson@quinnemanuel.com>; Hayden Little <haydenlittle@quinnemanuel.com>

**Cc** Randy Mastro <RMastro@KSLAW.com>; Mike Resch <MResch@KSLAW.com>; Lena Colin <lcolin@kslaw.com>

**[EXTERNAL EMAIL from cfreeman@kslaw.com]**

Counsel,

For the reasons we have discussed - and as evident from our papers - we don't believe your purported arguments support a good-faith basis to have filed and to continue to pursue the amended complaint, forcing our clients to incur the cost of the motion to dismiss proceedings. We will be finalizing the Rule 11 motion over the holidays and expect to serve it the week of January 6 to provide time for review by our clients.

Sincerely,

Caroline

---

**From:** Caroline Freeman <CFreeman@KSLAW.com>
**Sent:** Wednesday, December 18, 2024 1:57 AM
**To:** Aaron Perahia <aaronperahia@quinnemanuel.com>; Mike Resch <MResch@KSLAW.com>; Robert Schwartz <robertschwartz@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Evan Pearson <evanpearson@quinnemanuel.com>; Hayden Little <haydenlittle@quinnemanuel.com>; Randy Mastro <RMastro@KSLAW.com>; Lena Colin <lcolin@kslaw.com>
**Subject:** Re: YMTC v. Strand - follow-up: authorities regarding basis for Rule 11

Aaron,

We are disappointed by your decision to maintain the FAC and force us to file a motion to dismiss. We will proceed accordingly.

Sincerely,

Caroline

---

**Caroline Freeman**
*Associate*

T: +1 202 626 8971  |  E: CFreeman@KSLAW.com

King & Spalding LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006

kslaw.com

---

**From:** Aaron Perahia <aaronperahia@quinnemanuel.com>
**Sent:** Monday, December 16, 2024 11:06:30 PM
**To:** Mike Resch <MResch@KSLAW.com>; Caroline Freeman <CFreeman@KSLAW.com>; Robert Schwartz <robertschwartz@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Evan Pearson <evanpearson@quinnemanuel.com>; Hayden Little <haydenlittle@quinnemanuel.com>
**Cc:** Randy Mastro <RMastro@KSLAW.com>; Lena Colin <lcolin@kslaw.com>
**Subject:** RE: YMTC v. Strand - follow-up: authorities regarding basis for Rule 11

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Caroline,

Thank you for outlining the basis for your contemplated Rule 11 motion.  We don't see how the Court will look kindly on it and suggest that you reconsider.  A Rule 11 motion at this point would be untimely.  Substantively, it ignores controlling Supreme Court case law and misconstrues the relevant precedents.  And it ignores our good-faith efforts to cooperate and litigate this case efficiently.  Our filing of the First Amended Complaint ("FAC") was a proper exercise of our client's rights and was supported by a reasonable interpretation of existing law.

First, untimeliness:  We filed the amended complaint on November 17.  Defendants waited nearly a month before alerting us that they would be seeking Rule 11 sanctions.  That alone is reason that Rule 11 sanctions would be inappropriate.  *See* Fed. R. Civ. P. 11 advisory committee notes to the 1993 amendments ("Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely.").

Second, substantive lack of merit:  The two circuit cases that you've cited do not support dismissal—much less, sanctions under Rule 11.  Regardless, the Supreme Court has the final word on the issue, and it has held that, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474-75 (2007).  I'll return to *Rockwell* below.

Defendants' first case is *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376 (9th Cir. 1988).  There, the district court granted the plaintiff leave to file the amended complaint; it was not amended as of right.  *Id.* at 1379 n.1 ("The Band was required to obtain leave of court before filing its amended complaint because the defendants had long before answered the original complaint.").  Here, Plaintiffs amended as a matter of right under Rule 15(a)(1), before any motion to dismiss was filed.  This distinction is critical because it avoids the concerns about a court improperly exercising its discretion to allow amendment where jurisdiction is lacking.

*ConnectU v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008), explains why this is an important distinction.  In that case, no diversity of citizenship existed when the original complaint, asserting only state law claims, was filed.  *Id.* at 86.   But plaintiffs filed an amended complaint as of right that added a federal copyright claim.  *Id.*  Defendants then filed a 12(b)(1) motion to dismiss, arguing that the time-of-filing rule required jurisdiction to be judged based on diversity of citizenship as alleged in the original complaint.  *Id.* at 86-87.  The First Circuit distinguished the cases cited by the defendants because "[i]n each of them, the plaintiff asked the district court to grant them leave to amend their complaint after a jurisdictional challenge had been lodged (or, in some instances, adjudicated)."  *Id.* at 95.  By contrast, when "a plaintiff amends its complaint as of right, the Civil Rules operate mechanically, and the judge's authority over the case is not brought to bear."  *Id.* at 96.  For that reason, the court held that "the

absence of federal subject matter jurisdiction in the original complaint [posed] no obstacle to the consideration of an amended complaint." *Id*.

You've also cited *Morongo Band* for the proposition that if jurisdiction is lacking at the outset, the court has "no power to do anything with the case except dismiss." 858 F.2d at 1380. However, this statement has been limited by more recent Supreme Court and Ninth Circuit precedent. As noted above, the Supreme Court has held that where the plaintiff voluntarily amends the complaint, jurisdiction is based on the amended. Ninth Circuit echoed this principle in *Northstar Fin. Advisors Inc. v. Schwab Investments*, stating that the *Morongo Band* rule is "more nuanced than the inflexibility suggested by its language." 779 F.3d 1036, 1046 (9th Cir. 2015) ("While *Morongo* does contain the broad statement that 'subject matter jurisdiction must exist as of the time the action is commenced' and that a lack of subject-matter jurisdiction at the outset cannot be cured subsequently, it is now clear, if it was not then, that this rule is more nuanced than the inflexibility suggested by its language— both as it relates to curing jurisdictional defects through supplemental pleadings, and other circumstances in which defects in subject-matter jurisdiction were cured by the substitution, addition, or elimination of a party.") (citations omitted). *Northstar* specifically contemplates situations, such as amending as of right, where subsequent pleadings can cure jurisdictional defects.

You've cited *Strudley v. Santa Cruz County Bank*, 747 F. App'x 617, 618 (9th Cir. 2019), but that is a non-binding, unpublished memorandum disposition. Ninth Circuit Rule 36-3(a) makes clear that "[u]npublished dispositions and orders of [the Ninth Circuit] are not precedent." *See Banuelos-Ayon v. Holder,* 611 F.3d 1080, 1085 (9th Cir. 2010) ("[U]npublished dispositions of our circuit have no precedential force."); *Quiroz v. Short*, 85 F. Supp. 3d 1092, 1109 (N.D. Cal. 2015) ("[U]npublished memorandum dispositions are not sufficient to demonstrate 'clearly established' law."). Moreover, the decision does not acknowledge or distinguish *ConnectU* or *Northstar*.

The only case Defendants have cited that even arguably supports your position is *Morongo Band.* But our decision to file the FAC was based on a reasonable interpretation of *Rockwell*, *ConnectU*, and *Northstar*, all of which post-date *Morongo Band.* These cases hold that an amended complaint filed as of right can establish subject-matter jurisdiction, even if jurisdiction was lacking in the initial complaint. Our position is not frivolous and does not warrant Rule 11 sanctions. Sanctions are reserved for objectively unreasonable conduct, not good-faith arguments based on plausible interpretations of the law.

The other non-binding precedent you cite does not support your position. The first found that amending a complaint to establish federal jurisdiction was allowed. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 886 (5th Cir. 2000) (finding that amending a complaint to change jurisdictional bases is proper, so long as the jurisdictional facts alleged in the complaint existed at the time the original complaint was filed). The second drew the same distinction between amending a complaint as of right and with leave that our position advances. *See Multicultural Radio Broadcasting, Inc. v. Korean Radio Broadcasting, Inc.*, 2017 WL 436250 at *6, n. 2(D.N.J. Jan. 31, 2017) (noting that "[w]hen a plaintiff amends the complaint as of right the rules apply mechanically and the court's authority over the case is not brought to bear.").

Finally, we dispute that diversity jurisdiction does not exist here. You state that "Defendants have repeatedly explained that Dr. Layton is domiciled in Denmark," but you have not provided any information as to when Layton moved to Denmark with the intent to remain there indefinitely – the standard for domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Though we do not dispute that Roslyn Layton was in Denmark at the time of service, we dispute that Layton is domiciled there and, if necessary, will seek jurisdictional discovery to rebut your assertions. *Id.* ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that State."); *see also Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 298 F.R.D. 633, 641 (S.D. Cal. 2014) ("[W]here 'pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed.'") (quoting *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989)).

On a more practical level, none of your litigation strategy can stop us from pursuing our client's rights in this Court. Whether in this action or in a new action based on the FAC, we'd be exactly where we are, before the same judge with the same deadlines. We don't think the Court would approve of your insistence on that to cure

procedural issues that, as the case law makes clear, are a mirage. Instead, we recommend that you drop the Rule 11 motion and we'll drop the request for your invoking the rule on an untenable basis and not be subject to paying our fees for putting us through the rest of the process.

Let's focus on moving the case forward as efficiently as we can.

Thanks,
Aaron

**Aaron Perahia | quinn emanuel urquhart & sullivan, llp**
865 S. Figueroa St., 10th Fl. | Los Angeles, CA 90017
Office: 213-443-3146 | Mobile: 424-415-1581

---

**From:** Caroline Freeman <CFreeman@KSLAW.com>
**Sent:** Saturday, December 14, 2024 7:44 PM
**To:** Robert Schwartz <robertschwartz@quinnemanuel.com>; Aaron Perahia <aaronperahia@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Evan Pearson <evanpearson@quinnemanuel.com>; Hayden Little <haydenlittle@quinnemanuel.com>
**Cc:** Randy Mastro <RMastro@KSLAW.com>; Mike Resch <MResch@KSLAW.com>; Lena Colin <lcolin@kslaw.com>
**Subject:** YMTC v. Strand - follow-up: authorities regarding basis for Rule 11

**[EXTERNAL EMAIL from cfreeman@kslaw.com]**

Counsel,

As discussed yesterday, please see below an overview of the authorities and basis for the Rule 11 motion we are preparing. This elaborates on the authorities we have already provided. We look forward to a productive discussion on Monday.

- Defendants have repeatedly informed Plaintiffs that because Dr. Layton resides and is domiciled in Denmark, there was no basis for subject-matter jurisdiction over this action at the outset. The record reflects that Defendants are prepared to prove that Dr. Layton is domiciled in Denmark. Rather than dispute this fact, Plaintiffs assured the Court that the issue would be "mooted" when Plaintiffs filed an amended complaint asserting a federal claim. Plaintiffs have not cited any supporting authority for their claim that an amendment would "moot" the lack of subject-matter jurisdiction at the outset of this case.
- Before Plaintiffs filed their amended complaint, Defendants provided Plaintiffs with case law holding that when subject-matter jurisdiction is lacking at the outset of an action, that defect cannot be cured by an amended complaint and the action must be dismissed. Dkt. 55-1 ¶¶ 4–5; see Dkt. 55-2 at 3 (email correspondence between Defendants' counsel and Plaintiffs' counsel (citing *Morongo Band of Missions Indians* v. *Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) & *Strudley v. Santa Cruz Cnty. Bank*, 747 F. App'x 617, 618 (9th Cir. 2019)))). Plaintiffs' counsel did not provide a contrary interpretation of the case law but nonetheless disputed "Defendants' view of the case." Dkt. 55-2 at 2. A few days later, Plaintiffs filed their amended complaint. In their Reply in Support of the Motion to Stay Discovery, Strand Consult and Dr. Layton argued, inter alia, that the action must be dismissed because the defect in subject-matter jurisdiction at the outset of the action could not be cured by amendment. Dkt. 55 at 1–4.
- On December 2, 2024, the Court granted Strand Consult and Dr. Layton's Motion to Stay Discovery. Dkt. 59. The Court preliminarily reviewed the parties' arguments regarding subject-matter jurisdiction and found "that Defendants have established in their papers that the subject matter jurisdiction issue is 'potentially dispositive' of the entire case" and could be decided without further discovery. *Id*. at 3.

- Plaintiffs' decision to file the FAC—despite ample notice from Defendants that doing so would not cure their fatal jurisdictional issues—warrants sanctions because it was a legally unreasonable and dilatory tactic intended to intimidate Defendants, unnecessarily delay litigation, and needlessly increase the cost of defense.
- Well-established case law is unambiguous about a court's obligation to dismiss an action that lacks subject-matter jurisdiction at the outset. *See, e.g.*, *Morongo Band of Mission Indians v. Cal State Bd. of Equalization*, 858 F.2d 1376, 1380 ("If [subject matter] jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'") (quoting 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3844, at 332 (1986)).
- The sole alleged basis for subject-matter jurisdiction in Plaintiffs' Complaint was diversity jurisdiction based on the demonstrably false allegation that Defendant Roslyn Layton is domiciled in Florida. See Dkt. 1 ¶ 12.  Defendants have repeatedly explained that Dr. Layton is domiciled in Denmark and is therefore neither a "foreign citizen" nor a "citizen of a State" for purposes of 28 U.S.C. § 1332. Although the FAC alleges that Dr. Layton "resides" in Florida as a basis for their legal conclusion that she "is a citizen of Florida," ¶ 23, Plaintiffs already conceded that they know this is false, see Dkt. 46 at 8 (contending that the Court has personal jurisdiction over Dr. Layton "because, as Defendants claims in the Motion [to Stay], both Defendants are residents of Denmark and, thus, not subject to jurisdiction in any state's courts of general jurisdiction." (emphasis added)). Plaintiffs also know from serving Dr. Layton that she resides in Denmark with her husband, through whom they served her. See Dkt. 16 (stating on Sept. 6, 2024, that Plaintiffs learned "last week" (i.e., in August) that Dr. Layton is in Denmark); Dkt. 41-1 at 1 (service on Dr. Layton in October 2024 in Denmark through her family member, John Strand); Dkt. 50-2 at 2 (Plaintiff's exhibit, reporting that Dr. Layton and Mr. Strand are married). Thus, Dr. Layton's presence destroys complete diversity and necessitates dismissal. *See Morongo Band*; *Morris v. Gilmer*, 129 U.S. 315, 325 (1889) (when "the record discloses a controversy of which the court cannot properly take cognizance, its duty is to proceed no further and to dismiss the [suit]"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)).
- In seeming recognition of this fatal jurisdictional defect, Plaintiffs abandoned all their previous claims and brought entirely new ones, including against a new party, in a futile effort to avoid dismissal. Plaintiffs cannot avoid clear authority in this manner.  *See, e.g.*, *Strudley v. Santa Cruz County Bank*, 747 F. App'x 617, 618 (9th Cir. 2019) (Mem.) (holding that FRCP 15(a) did not permit plaintiff to "create jurisdiction" by amending complaint to add a federal cause of action); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888–89 (5th Cir. 2000) (amendment cannot retroactively create subject-matter jurisdiction); *Multicultural Radio Broad., Inc.*, 2017 WL 436250, at *2–6 (D.N.J. Jan. 31, 2017) (same; collecting cases).
- Plaintiffs knew that the attempted amendment had no legal basis at the time they filed the FAC because Defendants had already told them about the case law. But Plaintiffs forged on anyway, seemingly for the sole purpose of intimidating Defendants by driving up their litigation costs and threatening invasive discovery. Plaintiffs lacked subject-matter jurisdiction at the outset of this case and the law is clear that this case should be dismissed on that basis. The FAC is a blatant attempt to avoid such a dismissal at Defendants' expense and Plaintiffs should be sanctioned as a result.

Sincerely,

Caroline Freeman

---

**Caroline Freeman**
*Associate*

T: +1 202 626 8971  |  E: CFreeman@KSLAW.com

King & Spalding LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006

kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.