QUINN EMANUEL URQUHART & SULLIVAN, LLP
 David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
 Telephone:    (415) 875-6600

 Robert Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
 Aaron Perahia (Bar No. 304554)
  aaronperahia@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
 Telephone:    (213) 443-3000

 Evan Pearson (*pro hac vice*)
  evanpearson@quinnemanuel.com
300 West Sixth Street, Suite 2010
Austin, Texas 78701-3901
 Telephone:     (737) 667-6100

 Hayden Little (*pro hac vice*)
   haydenlittle@quinnemanuel.com
700 Louisiana Street, Suite 3900
Houston, Texas 77002-2841
 Telephone:    (713) 221-7000

*Attorneys for Plaintiffs Yangtze Memory Technologies Company, Ltd. and Yangtze Memory Technologies, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD. and YANGTZE MEMORY TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> STRAND CONSULT, ROSLYN LAYTON, and DCI GROUP AZ LLC, <br><br> Defendants. | Case No. 5:24-cv-03454-BLF <br><br> Hon. Beth Labson Freeman <br><br> **PLAINTIFFS' STATEMENT OF RECENT DECISION PURSUANT TO LOCAL CIVIL RULE 7-3(d)(2)** <br><br> Action Filed:   June 7, 2024 <br> Trial Date:     March 22, 2027 |

Pursuant to Local Civil Rule 7-3(d)(2), Plaintiffs Yangtze Memory Technologies Company, Ltd., and Yangtze Memory Technologies, Inc. submit this Statement of Recent Decision to alert the Court of a recent decision issued by the United States Supreme Court that is relevant to the parties' Motion to Dismiss briefing (ECF 65, 66, 67). The Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23-677, 2025 WL 96212 (U.S. Jan. 15, 2025), attached hereto as **Exhibit A**, favorably cites *ConnectU LLC v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008), a decision that Plaintiffs cited in their Opposition (ECF 66) at pages 6 & 8:

> If, as *Rockwell* spelled out, eliminating federal claims in such a suit can destroy federal jurisdiction, the opposite is also true: Adding federal claims can create federal jurisdiction where it once was wanting. *See*, *e.g.*, *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (CA1 2008) (holding that an amended complaint, which "replaced the original complaint lock, stock, and barrel," conferred jurisdiction). And so too, an amendment can either destroy or create jurisdiction in an original diversity case. … In short, the rule in original cases that jurisdiction follows the amended (*i.e.*, now operative) pleading applies across the board.

*Royal Canin*, 2025 WL 96212 at *8.

DATED: January 16, 2025                    Respectfully submitted,

                                                          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    /s/ Robert M. Schwartz
        Robert M. Schwartz
   *Attorneys for Plaintiffs*