QUINN EMANUEL URQUHART & SULLIVAN, LLP
David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600

Robert Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Aaron Perahia (Bar No. 304554)
  aaronperahia@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000

Evan Pearson (*pro hac vice*)
  evanpearson@quinnemanuel.com
300 West Sixth Street, Suite 2010
Austin, Texas 78701-3901
Telephone:      (737) 667-6100

Hayden Little (*pro hac vice*)
  haydenlittle@quinnemanuel.com
700 Louisiana Street, Suite 3900
Houston, Texas 77002-2841
Telephone:     (713) 221-7000

*Attorneys for Plaintiffs Yangtze Memory Technologies Company, Ltd. and Yangtze Memory Technologies, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD. and YANGTZE MEMORY TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>STRAND CONSULT, ROSLYN LAYTON, and DCI GROUP AZ LLC,<br><br>Defendants. | Case No. 5:24-cv-03454-NW<br><br>Hon. Noël Wise<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S FINDING OF LACK OF PERSONAL JURISDICTION OVER STRAND CONSULT AND ROSLYN LAYTON**<br><br>Original Hearing: May 21, 2025<br>Action Filed:     June 7, 2024<br>Trial Date:       March 22, 2027 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Yangtze Memory Technologies Company, Ltd. and Yangtze Memory Technologies, Inc. ("YMTC") will, and hereby do, respectfully move the Court for leave to file a motion for reconsideration of the Court's May 20, 2025 Order Granting Defendants' Motion to Dismiss In Part (Dkt. 81) (the "Order"), pursuant to Civil Local Rule 7-9(b)(3), Rule 54(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority.

YMTC seeks leave to file a motion for reconsideration of the portion of the Order dismissing Defendants Strand Consult ("Strand") and Roslyn Layton ("Layton") for lack of personal jurisdiction—a ground those Defendants did not raise in their motion to dismiss. YMTC seeks this relief for three reasons:

1. The Order did not address the dispositive legal effect of Strand and Layton's waiver of any personal jurisdiction defense, as required by Rules 12(g)(2) and 12(h)(1) of the Federal Rules of Civil Procedure.

2. The Order relied on legal principles that govern non-waivable subject-matter jurisdiction, which do not apply to waivable personal jurisdiction.

3. The Order was based on grounds that Defendants did not raise in their Notice of Motion and that YMTC had no opportunity to address—whether through briefing or at a hearing—thereby denying YMTC due process.

YMTC further respectfully requests that the Court stay or extend its current June 10, 2025 deadline to file an amended complaint, if necessary, until seven days after the Court resolves any motion for reconsideration to avoid unnecessary amendment and conserve judicial resources.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order submitted herewith, all pleadings and papers on file, and any further evidence or argument as the Court may consider.

**RELIEF REQUESTED**

YMTC respectfully requests that the Court: (1) grant leave to file a motion for reconsideration of the Court's May 20, 2025 Order as to the dismissal of Strand and Layton for lack of personal jurisdiction; and (2) stay or extend the deadline for YMTC to file an amended complaint, if necessary, until seven days after resolution of the motion for reconsideration.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should grant YMTC leave to file a motion for reconsideration of the *sua sponte* dismissal of Strand and Layton for lack of personal jurisdiction, where: (a) those Defendants waived this defense by omitting it from their motion to dismiss; (b) the Order relied on standards inapplicable to personal jurisdiction; and (c) YMTC was not provided notice and an opportunity to be heard on that ground.

2. Whether the June 10, 2025 deadline to amend the complaint should be extended until after the Court resolves any motion for reconsideration, to avoid unnecessary amendment and motion practice.

DATED:  May 30, 2025                            Respectfully submitted,

                                                QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP

                                                By _____
                                                        Robert M. Schwartz
                                                    *Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................................................. 1

BACKGROUND ................................................................................................................................ 2

LEGAL STANDARD ........................................................................................................................ 3

ARGUMENT ..................................................................................................................................... 4

I.    STRAND AND LAYTON WAIVED ANY PERSONAL JURISDICTION DEFENSE ................................................................................................................. 4

II.    THE COURT ERRED BY *SUA SPONTE* REVIVING A WAIVED DEFENSE BASED ON SUBJECT-MATTER JURISDICTION PRINCIPLES ..................................... 5

III.    THE COURT ERRED BY NOT PROVIDING YMTC AN OPPORTUNITY TO SHOW STRAND AND LAYTON'S MINIMUM CONTACTS ........................................... 7

IV.    GRANTING LEAVE FOR RECONSIDERATION AND STAYING OR EXTENDING THE AMENDMENT DEADLINE SERVES JUDICIAL ECONOMY, CONSERVES RESOURCES, AND PROMOTES FAIRNESS ..................... 8

CONCLUSION .................................................................................................................................. 9

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*American Association of Naturopathic Physicians v. Hayhurst*,
 227 F.3d 1104 (9th Cir. 2000) ...................................................................................................3, 4

*In re Apple iPhone Antitrust Litigation*,
 846 F.3d 313 (9th Cir. 2017) ..........................................................................................................3

*Garden City, Inc. v. City of San Jose*,
 2013 WL 5496004 (N.D. Cal. Oct. 3, 2013) ..................................................................................8

*Insurance Corporation of Ireland v. Compagnie des Bauxites de Guinée*,
 456 U.S. 694 (1982) .......................................................................................................................5

*Kapar v. Kuwait Airways Corp.*,
 845 F.2d 1100 (D.C. Cir. 1988)......................................................................................................6

*Lindgren v. United States*,
 665 F.2d 978, 983 (9th Cir. 1982) ..................................................................................................5

*Louisville & Nashville Railroad Co. v. Mottley*,
 211 U.S. 149 (1908), Dkt. 81......................................................................................................4, 5

*McBee v. Delica Co.*,
 417 F.3d 107 (1st Cir. 2005)...........................................................................................................5

*Nikon Corp. v. GlobalFoundries U.S., Inc.*,
 2017 WL 4224770 (N.D. Cal. Sept. 22, 2017) ...............................................................................4

*O'Brien v. R.J. O'Brien & Associates, Inc.*,
 998 F.2d 1394 (7th Cir. 1993) ........................................................................................................5

*Rauch v. Day & Night Mfg. Corp.*,
 576 F.2d 697 (6th Cir. 1978) ..........................................................................................................5

*Roberts v. United States*,
 887 F.2d 899 (9th Cir. 1989) .....................................................................................................4, 5

*Sanderlin v. City of San Jose*,
 2025 WL 295360, at *1 (N.D. Cal. Jan. 23, 2025) .........................................................................3

*Sandoval v. Barneburg*,
 2013 WL 5961087 (N.D. Cal. Nov. 7, 2013) .................................................................................3

*Schnabel v. Lui*,
 302 F.3d 1023 (9th Cir. 2002) ........................................................................................................3

*School Dist. No. 1J, Multnomah County v. AcandS, Inc.*,
 5 F.3d 1255 (9th Cir. 1993) ........................................................................................................ 3

*Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*,
 619 F.3d 207 (2d Cir. 2010) ....................................................................................................... 5

*Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*,
 447 F.3d 1357 (11th Cir. 2006) ................................................................................................. 6

*Sutton v. Tapscott*,
 120 F.4th 1115 (2d Cir. 2024) ................................................................................................ 5, 7

*In re Tuli*,
 172 F.3d 707 (9th Cir. 1999) .................................................................................................. 6, 7

*West Coast Stock Transfer, Inc. v. Terra Tech Corp.*,
 2019 WL 1878348 (C.D. Cal. Feb. 14, 2019) ............................................................................ 3

*Williams v. Life Savings & Loan*,
 802 F.2d 1200 (10th Cir. 1986) ................................................................................................. 6

*Zelson v. Thomforde*,
 412 F.2d 56 (3d Cir. 1969) ......................................................................................................... 5

### **Rules/Statutes**

Fed. R. Civ. P. 12 ............................................................................................................... 1, 2, 3, 4, 7

Fed. R. Civ. P. 12(b)(2) ............................................................................................................... 2

Fed. R. Civ. P. 12(b)(2)-(5) .......................................................................................................... 3

Fed. R. Civ. P. 12(g)(2) ...................................................................................................... 3, 4, 6, 7

Fed. R. Civ. P. 12(h)(1) ................................................................................................... 3, 4, 5, 6, 7

Fed. R. Civ. P. 12(h)(3) ................................................................................................................. 5

Fed. R. Civ. P. 26 .......................................................................................................................... 4

Fed. R. Civ. P. 54(b) ..................................................................................................................... 3

Federal Tort Claims Act ................................................................................................................. 5

### **Other Authorities**

N.D. Cal. Civ. Local Rule 7-9(a) .................................................................................................. 3

N.D. Cal. Civ. Local Rule 7-9(b) .................................................................................................. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

Plaintiffs Yangtze Memory Technologies Company, Ltd. and Yangtze Memory Technologies, Inc. ("YMTC") respectfully move for leave to file a motion for reconsideration of the Court's May 20, 2025 Order (Dkt. 81) (the "Order") dismissing all claims against Defendants Strand Consult and Roslyn Layton for lack of personal jurisdiction. YMTC also seeks a stay or extension of the June 10, 2025 deadline to amend its complaint until at least seven days after resolution of that motion for reconsideration.

The Order dismissed all claims against Strand and Layton for lack of personal jurisdiction, even though those Defendants did not raise that defense in their Rule 12 motion, and the parties never briefed or argued the issue in their Rule 12 papers or at a hearing. The Court's decision to resolve personal jurisdiction as to Strand and Layton *sua sponte*, applying principles applicable only to subject-matter jurisdiction and without notice or an opportunity for YMTC to be heard, stands in direct conflict with longstanding rules and precedent.

These errors substantially prejudiced YMTC. Under the Federal Rules of Civil Procedure and binding Ninth Circuit precedent, a defendant's failure to raise a personal jurisdiction defense in its initial Rule 12 motion results in waiver—foreclosing the later assertion of that defense by a party or the Court. By reviving and deciding the waived defense without notice or a hearing, or an opportunity for YMTC to address the issue of minimum contacts, the Order deprived YMTC of procedural fairness and due process, thereby undermining confidence in the orderly administration of justice.

YMTC now respectfully requests leave to seek reconsideration so that the Court may address these dispositive legal issues and correct manifest legal errors before the case proceeds further. In addition, staying or extending the amendment deadline will conserve judicial and party resources by avoiding unnecessary or duplicative pleadings while the reconsideration motion is pending. Both forms of relief are necessary to ensure an efficient, fair, and orderly resolution in this case.

# BACKGROUND

YMTC initiated this action in June 2024.  Dkt. 1.  In November 2024, YMTC filed its First Amended Complaint ("FAC"), naming Strand Consult ("Strand"), Roslyn Layton ("Layton"), and DCI Group AZ, L.L.C. ("DCI") as defendants.  Dkt. 50.  Before YMTC filed the FAC, Strand and Layton moved to stay discovery, raising several jurisdictional arguments.  Dkt. 39 at 9-10.  On December 2, 2024, the Court granted the motion to stay, relying exclusively on subject-matter jurisdiction grounds.  *See* Dkt. 59 at 3:11–24.  The Court found that the subject-matter jurisdiction issue was "potentially dispositive" and could be resolved without further discovery.  *See id.*  The Court did not rely on any purported lack of personal jurisdiction in its ruling.  *Id.* at 3.

On December 17, 2024, all three defendants filed a joint motion to dismiss.  Dkt. 65.  In that motion, only DCI challenged personal jurisdiction.  *Id*. at 1.  Strand and Layton did not assert a personal jurisdiction defense in their Rule 12 motion.  They confined their arguments to other grounds, such as lack of subject-matter jurisdiction and failure to state a claim.  *See generally id*.  As a result, YMTC's opposition (Dkt. 66) did not address personal jurisdiction as to Strand and Layton, and Defendants' reply (Dkt. 67) likewise omitted any such argument.

After briefing concluded, the parties filed a Joint Case Management Statement ("JCMS") (Dkt. 72) that further confirmed Strand and Layton's waiver.  YMTC stated: "Defendants have not challenged personal jurisdiction over Strand Consult and Roslyn Layton."  *Id*. at 3:15-16.  Defendants did not dispute this.  *See id.*  Throughout the JCMS, every challenge to personal jurisdiction was directed solely at DCI.  *See, e.g.*, *id*. at 4:17 (Defendants asserting that "[t]he Court lacks personal jurisdiction over DCI").  The parties jointly identified the only personal jurisdiction issue in the case as "whether the Court has personal jurisdiction over DCI." *Id*. at 6:21-22.  The joint summary of the pending motion likewise limited any personal jurisdiction challenge to DCI.  *Id*. at 7:2-4.

The Court initially set a hearing on the motion to dismiss for May 21, 2025.  Dkt. 80.  On May 20, 2025, the Court vacated the hearing, finding the matter suitable for decision without oral argument.  *Id*.  Later that day, the Court issued its Order.  Dkt. 81.  The Order granted DCI's motion to dismiss for lack of personal jurisdiction (*id*. at 5-9, 16), and—on its own initiative—also

dismissed Strand and Layton on the same ground (*id.* at 9-15, 16).  The Court acknowledged that Strand and Layton had not raised this defense in their motion to dismiss, noting: "Defendants initially argued in their motion to stay that the Court lacked jurisdiction over all Defendants, … but did not raise this argument in their motion to dismiss as to Strand Consult and Layton." *Id.* at 3 n.1.  Nonetheless, the Court reasoned that it "must consider jurisdiction even if the parties have not challenged it," relying on authorities regarding subject-matter jurisdiction. *Id.* at 3.

## **LEGAL STANDARD**

Civil Local Rule 7-9(a) permits a party to seek leave to file a motion for reconsideration of any interlocutory order before final judgment.  N.D. Cal. Civ. L.R. 7-9(a); *see* Fed. R. Civ. P. 54(b) (interlocutory orders "may be revised at any time before the entry of a judgment" finally resolving all claims).  The Court's May 20, 2025 Order is an interlocutory order.  Dkt. 81.  Civil Local Rule 7-9(b)(3) provides that a court may grant leave upon a showing of "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  N.D. Cal. Civ. L.R. 7-9(b)(3); *see Sandoval v. Barneburg*, 2013 WL 5961087, at *2-4 (N.D. Cal. Nov. 7, 2013) (granting reconsideration when court "committed clear error in its initial decision" by failure to consider a "dispositive legal rule").

"In addition to these bases for a party to seek leave to file a motion for reconsideration in this district, district courts generally have 'inherent authority' to reconsider prior orders to 'prevent clear error or prevent manifest injustice.'"  *In re Da Vinci Surgical Robot Antitrust Litig.*, 2024 WL 3641378, at *1 (N.D. Cal. July 30, 2024) (citation omitted) (granting "reconsideration to correct [a] legal error").  "[R]econsideration may also be based upon 'a district court's authority to rescind an interlocutory order over which it has jurisdiction,' which 'is an inherent power rooted firmly in the common law.'"  *Sanderlin v. City of San Jose*, 2025 WL 295360, at *1 (N.D. Cal. Jan. 23, 2025) (quoting *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001)); *see Williams v. Cnty. of Monterey*, 2021 WL 1966711, at *2 (N.D. Cal. May 17, 2021) ("The law is clear that the Court has inherent authority to modify its own order at any time before judgment.").

# ARGUMENT

## I. STRAND AND LAYTON WAIVED ANY PERSONAL JURISDICTION DEFENSE

Strand and Layton forfeited any personal jurisdiction defense. The Federal Rules of Civil Procedure are unequivocal: A party must assert all available Rule 12 defenses—including lack of personal jurisdiction—in its first Rule 12 motion or responsive pleading, or those defenses are irrevocably waived. *See* Fed. R. Civ. P. 12(g)(2), 12(h)(1). This requirement promotes clarity, efficiency, and fundamental fairness by ensuring that all threshold jurisdictional objections are presented at the outset of litigation.

The Ninth Circuit strictly enforces these waiver rules. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("If a defense under Rule 12(b)(2)-(5) is not asserted in the first Rule 12 motion to dismiss, Rule 12(h)(1) tells us that the defense is entirely waived."). A defendant who makes a pre-answer motion under Rule 12 must include all available Rule 12 defenses or waive them. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000); *see also Schnabel v. Lui*, 302 F.3d 1023, 1033-34 (9th Cir. 2002) (defendants waived their personal jurisdiction defense by failing to include it in their first Rule 12 motion, emphasizing that Rules 12(g)(2) and 12(h)(1) require timely assertion or the defense is forfeited).

Here, only DCI moved to dismiss for lack of personal jurisdiction. *See* Dkt. 65 at 1. The joint motion to dismiss expressly limited the personal jurisdiction argument to DCI and did not assert that defense on behalf of Strand or Layton. *Id*. Instead, Strand and Layton confined their arguments to subject-matter jurisdiction and failure to state a claim. *Id.* The Court recognized this omission, noting that Strand and Layton "did not raise this argument in their motion to dismiss." Dkt. 81 at 3 n.1. Under Rules 12(g)(2) and 12(h)(1), this omission constitutes an unequivocal waiver of the personal jurisdiction defense by Strand and Layton. *See Hayhurst*, 227 F.3d at 1107.

Strand and Layton's earlier reference to personal jurisdiction in their Motion to Stay Discovery (Dkt. 39) does not alter this result. A motion to stay discovery is governed by Rule 26, not Rule 12, and cannot preserve a Rule 12 defense. *See, e.g.*, *Nikon Corp. v. GlobalFoundries U.S., Inc.*, 2017 WL 4224770, at *3 (N.D. Cal. Sept. 22, 2017). Moreover, the parties' JCMS—in

1  which all parties agreed that only DCI was challenging personal jurisdiction—confirmed Strand
2  and Layton's waiver.  Dkt. 72 at 3:15-16.
3        The Order's failure to consider the dispositive effect of this waiver is manifest legal error.

### II. THE COURT ERRED BY *SUA SPONTE* REVIVING A WAIVED DEFENSE BASED ON SUBJECT-MATTER JURISDICTION PRINCIPLES

6        The Order improperly revived Strand and Layton's waived personal jurisdiction defense,
7  and did so by applying doctrines that govern only subject-matter jurisdiction.  *See* Dkt. 81 at 3.
8  The Order's statement that the Court "must consider jurisdiction even if the parties have not
9  challenged it" (*id.*) is correct only as to subject-matter jurisdiction, not personal jurisdiction.
10       The authorities cited in the Order, *Roberts v. United States*, 887 F.2d 899 (9th Cir. 1989),
11 and *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908), Dkt. 81 at 3, confirm this.
12 Both decisions concern a court's independent obligation to ensure the existence of subject-matter
13 jurisdiction.  In *Mottley*, the Supreme Court *sua sponte* addressed federal question subject-matter
14 jurisdiction, emphasizing a duty "at all times to see to it that the jurisdiction of the Circuit Court,
15 which is defined and limited by statute, is not exceeded." 211 U.S. at 152.  Similarly, in *Roberts*,
16 the Ninth Circuit addressed subject-matter jurisdiction over the discretionary function exception
17 under the Federal Tort Claims Act, emphasizing courts' duty to independently assess such
18 jurisdiction.  887 F.2d at 900; *see Lindgren v. U.S.*, 665 F.2d 978, 983 (9th Cir. 1982) (explaining
19 the "question whether the discretionary function exemption applies is simply one of subject matter
20 jurisdiction").  Neither case addresses personal jurisdiction, let alone suggests that a court may
21 raise or decide such a defense after it has been waived.
22       The distinction between subject-matter jurisdiction and personal jurisdiction is critical.
23 Subject-matter jurisdiction is an Article III limitation on federal judicial power and cannot be
24 conferred by the parties by consent or waiver.  *Ins. Corp. of Ireland v. Compagnie des Bauxites de
25 Guinée*, 456 U.S. 694, 702-03 (1982); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears ... that the
26 court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  By contrast,
27 personal jurisdiction is an individual right that "can, like other such rights, be waived." *Ins. Corp.
28 of Ireland*, 456 U.S. at 703; *see* Fed. R. Civ. P. 12(h)(1) (lack of personal jurisdiction waivable).

Accordingly, although courts must ensure subject-matter jurisdiction at every stage of a case, they have no comparable duty to raise personal jurisdiction once a party has waived that defense. *See Sutton v. Tapscott*, 120 F.4th 1115, 1125 (2d Cir. 2024) ("[A] district court should not raise personal jurisdiction *sua sponte* when a defendant has appeared and consented, voluntarily or not, to the jurisdiction of the court."). In fact, every federal circuit court to address the issue has held that district courts lack authority to *sua sponte* dismiss claims for lack of personal jurisdiction after a defendant has waived the defense.[1]

Here, the Court improperly relied on principles unique to subject-matter jurisdiction to revive a personal jurisdiction defense that was both waivable and, in fact, waived. The Federal Rules of Civil Procedure are unambiguous: if a party fails to timely assert a personal jurisdiction

---

[1] *See, e.g.*, *McBee v. Delica Co.*, 417 F.3d 107, 127 (**1st Cir.** 2005) ("[P]ersonal jurisdiction is an individual liberty right and is therefore waivable; a court cannot raise personal jurisdiction sua sponte."); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (**2d Cir.** 2010) ("Because personal jurisdiction can be waived by a party, … a district court should *not* raise personal jurisdiction *sua sponte*[.]"); *Zelson v. Thomforde*, 412 F.2d 56, 59 (**3d Cir.** 1969) ("[B]ecause personal jurisdiction may be conferred by consent of the parties, expressly or by failure to object, … a court may not *sua sponte* dismiss for want of personal jurisdiction, at least where a defendant has entered an appearance by filing a motion, as here[.]"); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (**6th Cir.** 1978) ("While Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction, the rule does not accord similar authority where the court's personal jurisdiction over a party has not been challenged."); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1399-401 (**7th Cir.** 1993) ("While a court may dismiss a case at any time for lack of subject matter jurisdiction, once the defendant has waived objections based on insufficiency of process and submitted generally to the jurisdiction of the court, the court is powerless to dismiss the suit for lack of personal jurisdiction."); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (**10th Cir.** 1986) ("Once waived, lack of personal jurisdiction may not be raised by the court."); *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1364-65 (**11th Cir.** 2006) ("[T]he district court improperly ruled on personal jurisdiction" because "WHC did not challenge personal jurisdiction and ... the issue ... was not before the district court when it ruled *sua sponte* that the complaint should be dismissed[.]"); *Kapar v. Kuwait Airways Corp.*, 845 F.2d 1100, 1105 (**D.C. Cir.** 1988) ("[B]ecause personal jurisdiction may be conferred by consent of the parties, expressly or by failure to object, a court may not *sua sponte* dismiss for want of personal jurisdiction[.]"); *cf. In re Tuli*, 172 F.3d 707, 712 (**9th Cir.** 1999) ("In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party. Nevertheless, when a court is considering whether to enter a default judgment, it may dismiss an action sua sponte for lack of personal jurisdiction.") (citation omitted).

defense, it is permanently forfeited.  Fed. R. Civ. P. 12(g)(2), 12(h)(1).  No authority permits a court to disregard such a waiver, and nothing in the Order suggests otherwise.

The Court's *sua sponte* dismissal of Strand and Layton based on these inapplicable principles was clear legal error.  This error is significant: It nullified Strand and Layton's waiver, undermined the procedural protections of the Federal Rules, and substantially prejudiced YMTC, which was entitled to rely on those rules in litigating its claims.

### III. THE COURT ERRED BY NOT PROVIDING YMTC AN OPPORTUNITY TO SHOW STRAND AND LAYTON'S MINIMUM CONTACTS

A court may not revive a personal jurisdiction defense that an appearing defendant has waived.  A court's right to consider personal jurisdiction *sua sponte* arises only in the narrow situation where a plaintiff moves for a default judgment against a non-appearing defendant.  And even when that situation arises, if the court wants to consider the personal jurisdiction issue, due process requires that the court provide the plaintiff with notice and an opportunity to present facts supporting personal jurisdiction before the Court considers it.  *In re Tuli*, 172 F.3d 707, 712-13 (9th Cir. 1999).

That exception does not apply here.  Strand and Layton did not default.  To the contrary, they actively participated in the case by jointly filing a Rule 12 motion.  Yet they never challenged personal jurisdiction.  By omitting that defense, they waived it under Federal Rules of Civil Procedure 12(g)(2) and 12(h)(1).  Thus, personal jurisdiction was not properly before the Court.  Even if it had been, the Court could not have decided the issue without first providing YMTC notice and an opportunity to respond—basic procedural safeguards that were absent here.

The Ninth Circuit's decision in *Tuli* underscores the necessity of these rights and protections.  There, the court reversed a *sua sponte* finding of lack of personal jurisdiction, emphasizing that "there was no reason for *Tuli* to present any facts to support the court's exercise of personal jurisdiction" until the court itself raised the issue.  172 F.3d at 713.  Because the defendant had not appeared or contested jurisdiction, the plaintiff was not required to address personal jurisdiction in the default judgment motion.  *Id.*  The Ninth Circuit made clear that it was error to resolve jurisdiction without first giving notice and an opportunity to be heard.  *Id*.

The Second Circuit affirmed this principle in *Sutton v. Tapscott*, holding that it is error for courts to dismiss for lack of personal jurisdiction *sua sponte* without prior notice and an opportunity for the plaintiff to respond. 120 F.4th 1115, 1125. The court explained that, "until the district court raised the issue, [Plaintiff] had no burden to plead facts establishing personal jurisdiction," and it was error to resolve the issue without allowing the plaintiff to address it. *Id.* This violated the "long-standing general rule … that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard." *Id*.

Here, the due process violation is even more pronounced. Unlike *Tuli* and *Sutton*, this is not a default judgment case. Strand and Layton appeared and affirmatively waived any objection to personal jurisdiction by omitting that defense from their Rule 12 motion. *See* Dkt. 65. Thus, the limited exception for default judgment cases does not apply. Even if it could somehow apply, its requirements were not met. At no point did any party raise personal jurisdiction as to Strand or Layton in the motion to dismiss briefing. *See* Dkts. 65–67. Moreover, Defendants' subsequent filings confirmed that only DCI contested personal jurisdiction. *See* Dkt. 72 at 4:17, 6:21-22, 7:2-4. YMTC therefore had no notice that personal jurisdiction over Strand or Layton would be adjudicated on the motion. The resulting prejudice to YMTC was made worse when the hearing was vacated (Dkt. 80), depriving YMTC of what would have been its first—and only—opportunity to address any personal jurisdiction concerns.

In short, the Court addressed and decided personal jurisdiction on its own initiative—despite Strand and Layton's waiver—and without notice or an opportunity for YMTC to be heard. This is a fundamental violation of due process. These errors materially prejudiced YMTC's ability to pursue its claims against Strand and Layton. Reconsideration is necessary to correct these procedural violations and to restore basic fairness.

**IV.  GRANTING LEAVE FOR RECONSIDERATION AND STAYING OR EXTENDING THE AMENDMENT DEADLINE SERVES JUDICIAL ECONOMY, CONSERVES RESOURCES, AND PROMOTES FAIRNESS**

In addition to granting leave to file a motion for reconsideration, YMTC respectfully requests that the Court extend the June 10 deadline to amend the complaint until at least seven

1  days after the Court resolves the reconsideration motion. Courts in this District routinely stay
2  such deadlines when reconsideration is pending. *See Garden City, Inc. v. City of San Jose*, 2013
3  WL 5496004, at *1 n.4 (N.D. Cal. Oct. 3, 2013).

4      This extension is essential to avoid unnecessary and inefficient litigation. If YMTC were
5  required to amend the complaint by the current June 10 deadline, it would be forced either to omit
6  claims against Strand and/or Layton—despite the pending challenge to their dismissal—or to
7  assert new jurisdictional allegations that may be rendered moot if the Court ultimately grants
8  reconsideration. Either scenario would result in wasted effort, duplicative filings, and needless
9  motion practice.

10      Granting this brief and practical extension will ensure the parties' and the Court's efforts
11  are focused and efficient, and it will avoid prejudicing YMTC as it seeks to address the Court's
12  Order. For these reasons, YMTC respectfully requests that the Court stay or extend the deadline
13  to amend the complaint until at least seven days after resolution of the forthcoming motion for
14  reconsideration.

15  **CONCLUSION**

16      For the foregoing reasons, YMTC respectfully requests that the Court (1) grant leave to file
17  a motion for reconsideration of the Order, and (2) stay or extend the deadline to amend the
18  complaint until seven days after the Court resolves that motion.

20  DATED: May 30, 2025                Respectfully submitted,

                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

                                          By _____
                                               Robert M. Schwartz
                                          *Attorneys for Plaintiffs*