Michael L. Resch (SBN 202909)
mresch@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

Dale Giali (SBN 150382)
dgiali@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

*Attorneys for Defendants*
STRAND CONSULT AND ROSLYN LAYTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD. AND YANGTZE MEMORY TECHNOLOGIES, INC., <br><br> Plaintiffs, <br> v. <br><br> STRAND CONSULT, ROSLYN LAYTON, AND DCI GROUP AZ LLC, <br><br> Defendants. | Case No. 5:24-cv-03454-NW <br><br> **DEFENDANTS STRAND CONSULT AND ROSLYN LAYTON'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR EXPEDITED CONSIDERATION OF MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Original Hearing: May 21, 2025 <br> Trial Date: March 22, 2027 <br><br> Complaint Filed: June 7, 2024 |

## I. INTRODUCTION

Plaintiffs' Administrative Motion (Dkt. 84) is both inappropriate under Civil Local Rule 7-11 (because Plaintiffs are not requesting mere administrative relief) and unnecessary (because Plaintiffs do not need an expedited schedule). There is no reason why Plaintiffs cannot file a second amended complaint and, at the same time, seek leave for reconsideration of the May 20, 2025 motion to dismiss order. Accordingly, the Court should deny the Administrative Motion.

Defendants also oppose Plaintiffs' Motion for Leave to File a Motion for Reconsideration, Dkt. 83, and intend to file a written opposition to that motion.

## II. ARGUMENT

### A. Plaintiffs' Requested Relief Is Not Appropriate Under Local Rule 7-11.

Ultimately, Plaintiffs' Administrative Motion expedites briefing and consideration of *substantive* issues by unnecessarily blurring the distinctions and standards between three motions (i.e., the Administrative Motion, the Motion for Leave, and the Motion for Reconsideration) and needlessly forces Defendants to address substantive issues on an artificially abbreviated timeline. Despite Civil Local Rule 7-9 specifically governing motions for reconsideration, including the requirement that a party seek leave to file such a motion, Plaintiffs elected to file the Administrative Motion—appropriate only for "miscellaneous" matters that are not present here, Civil L.R. 7-11—to which Defendants have four days to respond (here, that included a Saturday and Sunday given Plaintiffs' near-midnight Friday filing) and which is submitted "for immediate determination" just one day later, Civil L.R. 7-11(c). This maneuver effectively tries to force Defendants to respond to the substantive arguments in Plaintiffs' Motion for Leave on an expedited basis.

### B. Plaintiffs' Requested Relief Is Not Necessary And Should Be Denied On The Merits.

In its May 20, 2025 order, the Court granted Defendants' motion to dismiss without leave to amend as to Defendant DCI Group AZ LLC ("DCI") but permitted Plaintiffs to file a second amended complaint by June 10, 2025 as to Defendants Strand Consult and Roslyn Layton. Dkt. 81 at 16. Plaintiffs do not seek reconsideration of the Court's dismissal of DCI—their Administrative Motion and related reconsideration request relate *only* to claims to which they already are permitted

1

to replead. Rather than proceed under the Court's schedule and simply avail themselves of preparing and filing an amended complaint, however, Plaintiffs filed the Administrative Motion under Civil Local Rule 7-11 in conjunction with the Motion for Leave, claiming that "[e]xpedited resolution" of their Motion for Leave is "warranted" because, "[w]ithout it, [Plaintiffs] face[] an untenable choice." Admin. Mot., at 3.

But there is no "choice" that Plaintiffs need to make and nothing about this situation is "untenable." Plaintiffs can simply file a second amended complaint on the Court's schedule and if they also want to seek reconsideration of the May 20 order, they can do that too on full notice and with full briefing. That Plaintiffs have a particular sequencing in mind does not transform this entirely straightforward schedule—a schedule present *every* time a plaintiff disagrees with a motion to dismiss order and is granted leave to amend—into an "untenable" choice requiring scheduling outside the normal rules.

Plaintiffs' primary request is that the Court agree to resolve the Motion for Leave by June 6 or on an otherwise "expedited" basis. But there is no reason to rush the resolution of the Motion for Leave, and that motion should be considered in the normal course. Although the opposing party is not required to file a brief in response to a Motion for Leave, *see* Civil L.R. 7-9(c), Defendants are permitted to and intend to do so. Among other things, Defendants intend to point out that Plaintiffs do not and cannot fit within any of the three required reconsideration grounds itemized in Local Rule 7-9(b)(1)-(3)[1]—there is nothing in the Ninth Circuit that prohibits the Court from considering personal jurisdiction *sua sponte*, the Court correctly recognized that it (not Defendants) was raising personal jurisdiction as to Strand and Layton, and the Court reached a personal jurisdiction decision fully supported by those defendants' lack of ties with the jurisdiction.

### III. <u>CONCLUSION</u>

The Court should deny Plaintiffs' Administrative Motion. If the Court is inclined to grant Plaintiffs any administrative relief, Defendants respectfully submit that the more appropriate relief

---

[1] Plaintiffs do not even try to assert that the facts and law presented in the motion to dismiss were materially wrong *or* that the law and facts have materially changed from what was presented to the Court in the motion *or* that the Court manifestly failed to consider the facts and law presented in the motion.

is an extension of the deadline to file the second amended complaint and to then hear the Motion for Leave on full notice and briefing.

Dated: June 3, 2025                        **KING & SPALDING LLP**

By: */s/ Michael L. Resch*
    Michael L. Resch
    Dale Giali

    Attorneys for Defendants
    Strand Consult and Roslyn Layton