QUINN EMANUEL URQUHART & SULLIVAN, LLP
 David Eiseman (Bar No. 114758)
   davideiseman@quinnemanuel.com
 50 California Street, 22nd Floor
 San Francisco, California 94111-4788
 Telephone:     (415) 875-6600

 Robert Schwartz (Bar No. 117166)
   robertschwartz@quinnemanuel.com
 Aaron Perahia (Bar No. 304554)
   aaronperahia@quinnemanuel.com
 865 South Figueroa Street, 10th Floor
 Los Angeles, California 90017-2543
 Telephone:     (213) 443-3000

 Evan Pearson (*pro hac vice*)
   evanpearson@quinnemanuel.com
 300 West Sixth Street, Suite 2010
 Austin, Texas 78701-3901
 Telephone:     (737) 667-6100

*Attorneys for Plaintiffs Yangtze Memory Technologies Company, Ltd. and Yangtze Memory Technologies, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD. and YANGTZE MEMORY TECHNOLOGIES, INC., <br><br>   Plaintiffs, <br><br>   vs. <br><br> STRAND CONSULT, ROSLYN LAYTON, and DCI GROUP AZ LLC, <br><br>   Defendants. | Case No. 5:24-cv-03454-NW <br><br> Hon. Noël Wise <br><br> **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JUDGMENT** |

1       Plaintiffs object to Defendants' [Proposed] Judgment (Dkt. 102-1) and respectfully request that the Court instead adopt Plaintiffs' [Proposed] Judgment.  *See* Exhibit A, attached hereto.  Plaintiffs' proposal correctly states that the dismissals of all defendants are without prejudice.

      *First*, the Court dismissed DCI Group AZ, L.L.C. for lack of personal jurisdiction.  Dkt. 81.  Such dismissals are without prejudice.  *See Fiorani v. Berenzweig*, 441 F. App'x 540, 541 (9th Cir. 2011) ("[D]ismissals for … lack of personal jurisdiction must be without prejudice." (citations omitted)); *Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (stating the district court erred in dismissing claims against certain defendants "with prejudice" for lack of personal jurisdiction).  Defendants' proposal omits that this dismissal is without prejudice.

      *Second*, the Court dismissed Strand Consult and Roslyn Layton based on *forum non conveniens*.  Dkt. 99.  Such dismissals are without prejudice.  *See, e.g.*, *de Borja v. Razon*, 2019 WL 4724317, at *12 n.7 (D. Or. Aug. 16, 2019) ("where forum non conveniens is asserted, the proper remedy is a judgment of dismissal without prejudice") (collecting cases).  Defendants' proposal states the dismissal is "without prejudice to refiling in Denmark," but that language goes too far.  It seeks to convert the procedural finding that Denmark is an *adequate* alternative forum into a substantive ruling that Denmark is the *mandatory* forum for any future litigation.  That is not the law.  A dismissal for *forum non conveniens* is merely "a determination that the merits should be adjudicated elsewhere." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007).  It does not mandate where that adjudication must occur.  Plaintiffs' proposed language, stating the dismissal is simply "without prejudice," is consistent with the Court's ruling.

      For these reasons, the Court should adopt Plaintiffs' [Proposed] Judgment.

DATED: September 30, 2025          Respectfully submitted,

                                  QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                  By    */s/ Robert M. Schwartz*
                                        Robert M. Schwartz
                                     *Attorneys for Plaintiffs*

**ATTESTATION**

I, Aaron Perahia, am the ECF user whose ID and password are being used to file the above document. In compliance with Local Rule 5-1(i)(3), I hereby attest that Robert M. Schwartz has concurred in the filing of the above document.

DATED: September 30, 2025          /s/ Aaron Perahia
                                   Aaron Perahia